**Rose C. PFEFFER, Executrix of the Estate of Emma Apisdorf, Deceased, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 97, Docket 25754.

United States Court of Appeals Second Circuit.

Argued Nov. 6, 1959.

Decided Nov. 19, 1959.

Herbert C. Kantor, New York City (Benjamin Clark, New York City, on the brief), for petitioner.

Charles B. E. Freeman, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., and Lee A. Jackson and Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before CLARK, Chief Judge, and HINCKS and WATERMAN, Circuit Judges.

PER CURIAM.

Notice of the 1953 income tax deficiency against Emma Apisdorf was sent by registered mail to her last known address in New York—the address she gave on her tax return—on May 20, 1958, but was returned undelivered, since she had died the year before in Paris. On August 11, 1958, the Commissioner sent a second letter, addressed to her in care of her daughter, Mrs. Pfeffer, at the latter's address, pointing out, however, that there was no statutory requirement of such remailing. This letter was received by Mrs. Pfeffer, to whom letters testamentary were issued later. The petition for review was filed with the Tax Court on November 10, 1958, i. e., within 90 days of the second letter, but not of the first.

Under I.R.C.1939, § 272(a)(1), (f), and (k), 26 U.S.C.A. § 272(a) (1), (f, k), the first notice of deficiency was clearly sufficient; and since timely filing is made jurisdictional, the Tax Court correctly held that it could not hear the petition. Galvin v. C. I. R., 2 Cir., 239 F.2d 166. Cases cited, such as Dolezilek v. C. I. R., 94 U.S.App.D.C. 97, 212 F.2d 458, and Teel v. C. I. R., 27 T.C. 375, affirmed 10 Cir., 248 F.2d 749, do not hold to the contrary, while Eppler v. C. I. R., 7 Cir., 188 F.2d 95, and Cole v. C. I. R., 30 T.C. 665, affirmed 2 Cir., 272 F.2d 13, are not in point, since in each of these cases the first letter had been sent to the wrong address.

The decision of the Tax Court is affirmed.