Thomas and Delilah **BOCCUTO**,
Petitioners,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent.

No. 13085.

United States Court of Appeals
Third Circuit.

Argued March 7, 1960.

Decided May 2, 1960.

550

Mark E. Dolin, Philadelphia, Pa., for petitioners.

Charles B. E. Freeman, Washington, D. C. (Abbott M. Sellers, Acting Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Attys., Department of Justice, Washington, D. C., on the brief), for respondent.

Before GOODRICH and STALEY, Circuit Judges.

STALEY, Circuit Judge.

This petition for review presents the not uncommon question of whether the Tax Court erred in dismissing for lack of jurisdiction the taxpayers' petition for redetermination of the deficiencies asserted by the Commissioner of Internal Revenue.

The Commissioner of Internal Revenue determined deficiencies and penalties in the income tax of Thomas and Delilah Boccuto for the calendar years 1953, 1955, 1956, and 1957. On November 13, 1958, the Commissioner mailed a notice of deficiency by registered mail to the taxpayers at 35 Colmar Road, Colwick Gardens, Merchantville, New Jersey. The taxpayers assert that this letter was returned undelivered and that the notice was not actually received by the taxpayers until January 21, 1959, when it was handed to Thomas Boccuto in the Camden office of the Internal Revenue Service. Nonetheless, three weeks later a petition for redetermination was mailed to the Tax Court by certified mail. Evidence was presented to the Tax Court that on the ninetieth day following dispatch of the notice of deficiency, the envelope containing the petition was delivered to the post office and a receipt for certified mail stamped February 11, 1959, was obtained. This same envelope was produced by the Commissioner at the hearing and bore the postmark date February 12, 1959. Additionally, it was noted that the petition was not received and filed by the Tax Court until 2:17 P.M. on February 13, 1959.

The Commissioner filed a motion to dismiss the petition on the ground that the Tax Court lacked jurisdiction since the taxpayers failed to file the petition within ninety days after the notice of deficiency was mailed to their last known address. In a short, unreported order the Tax Court granted the motion and dismissed the case.

Petitioners' attack upon the dismissal is two-fold. They contend that delivery of the petition by certified mail to the post office within ninety days operated to confer jurisdiction upon the Tax Court, and secondly, they contend that the fact that the Commissioner's notice of deficiency was undated made it impossible to calculate the ninety-day limitation period and therefore the court should have calculated from the date of actual service. In their short presentation of this second issue, petitioners also raise a third ground that we feel merits discussion, i. e., whether the Commissioner had actual knowledge that petitioners were residing in Florida.

A number of sections in the Internal Revenue Code of 1954 are pertinent to the problems raised by petitioners.[1] Section 6212, as amended, 26 U.S.C. (1958 ed.) § 6212, provides that the Secretary, upon a determination of deficiency, "is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail," and such notice if mailed to the taxpayer at his last known address shall be sufficient. The succeeding section, 26 U.S.C. (1958 ed.) § 6213, establishes the right of the taxpayer to file a petition with the Tax Court for a redetermination of deficiency if it is filed within ninety days after the notice of deficiency is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day). These sections must be read in light of Section 7502, 26 U.S.C. (1958 ed.) § 7502, which provides:

"§ 7502. Timely mailing treated as timely filing.

"(a) General rule. If any claim, statement, or other document (other than a return or other document required under authority of chapter 61), required to be filed within a

---

1. With regard to the deficiencies and penalties for calendar year 1953, the provisions of the Internal Revenue Code of 1939 would be applicable. The significant provisions of the 1939 Code, however, are substantially the same as the provisions of the Internal Revenue Code of 1954.

prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such claim, statement, or other document is required to be filed, the date of the United States postmark stamped on the cover in which such claim, statement, or other document is mailed shall be deemed to be the date of delivery. This subsection shall apply only if the postmark date falls within the prescribed period or on or before the prescribed date for the filing of the claim, statement, or other document, determined with regard to any extension granted for such filing, and only if the claim, statement, or other document was, within the prescribed time, deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, office, or officer with which the claim, statement, or other document is required to be filed.

\*      \*      \*      \*      \*      \*

"(c) [As amended by Section 89 (a), Technical Amendments Act of 1958, P.L. 85–866, 72 Stat. 1606] Registered and certified mail.

"(1) Registered mail. If any such claim, statement, or other document is sent by United States registered mail, such registration shall be prima facie evidence that the claim, statement, or other document was delivered to the agency, office, or officer to which addressed, and the date of registration shall be deemed the postmark date.

"(2) Certified mail. The Secretary or his delegate is authorized to provide by regulations the extent to which the provisions of paragraph (1) of this subsection with respect

to prima facie evidence of delivery and the postmark date shall apply to certified mail."

■ As previously noted, the notice of deficiency was dispatched by registered mail to the petitioners on November 13, 1958. Assuming for the moment that the letter of deficiency was sent to the last known address of the petitioners, the ninety-day period of limitation runs from that date, and it is immaterial that the notice was returned undelivered for actual receipt of the notice by the taxpayers is not required in order that the statutory filing period commence. Pfeffer v. Commissioner of Internal Revenue, 2 Cir., 1959, 272 F.2d 383; Gregory v. United States, 1944, 57 F.Supp. 962, 102 Ct.Cl. 642, certiorari denied 326 U.S. 747, 66 S.Ct. 26, 90 L.Ed. 447. Pursuant to the sections of the Code set forth above, the petition to be timely must be received by the Tax Court within ninety days or postmarked within the ninety-day period and properly addressed with appropriate postage prepaid. This general rule is qualified insofar as registered mail is concerned by accepting the date of registration as the postmark date. 26 U.S.C. (1958 ed.) § 7502(c) (1).

■ The amendments to the Internal Revenue Code contained in the Technical Amendments Act of 1958, 72 Stat. 1606, authorized the Secretary of the Treasury to provide by regulations the extent to which the provisions relative to registered mail should apply to certified mail. The legislative history of the section clearly indicates that Congress was aware that such implementing regulations would not be issued until the "Post Office Department prescribes regulations requiring that the postal employee who postmarks a sender's receipt for certified mail actually mails the letter." [2] 3 U.S. Code Cong. & Adm. News (1958), pp. 4791, 4891. The Secretary did not issue implementing regulations until January 11, 1960, and they were not published

2. At argument it was developed that prior to the issuance of the new postal regulations on September 21, 1959, mail was certified at the post office but was returned to the sender for actual mailing.

until January 15, 1960. 25 Fed.Register 343. On the date that the instant petition was delivered to the post office, February 11, 1959, the regulations implementing subsection 7502(c) (2) thus had not been published. Clearly then, the receipt for certified mail which the taxpayers obtained at the time of delivery of the petition to the post office on February 11, 1959, is of no significance. Rather we are obliged to look at the date of postmark stamped on the envelope, to-wit, February 12, 1959, and that is not within the ninety-day period of limitation. The fact stressed by the taxpayers that the petition was actually delivered to the post office within the period of limitation and retained by a postal employee cannot be determinative, for Congress has explicitly set forth the allowable exceptions to the rule of actual receipt by the Tax Court within the specified time. Unless a taxpayer can fit himself within one of the statutory exceptions, he is bound by this rule.

■ Petitioners' second contention, to the effect that since the Commissioner's notice of deficiency was undated it was impossible to calculate when the ninety-day period commenced, is equally untenable. The petition itself sets forth in paragraph 2 that "The notice of deficiency, a copy of which is attached and marked Exhibit A, was mailed to the petitioners on November 13, 1958, but was returned and personally served on petitioners on January 21, 1959." In addition, Thomas Boccuto receipted for the notice on January 21, 1959, which receipt states that the notice was originally sent to him and Delilah Boccuto on November 13, 1958.[3] Thus, the case is unlike Eppler v. Commissioner of Internal Revenue, 7 Cir., 1951, 188 F.2d 95, where the notice was mailed a second time by registered mail with no indication of the first mailing and therefore the taxpayer was misled.

■ Lastly, the petitioners contend that the Commissioner had actual knowledge that they were residing in Florida. Although the argument is not specifically set forth in their brief, we gather that they mean to contend that the notice was not sent to their last known address. If that be so there would, of course, be no jurisdiction in the Tax Court and the case would have to be dismissed due to the failure of the Commissioner to properly notify them of the deficiencies. The petition itself indicates, however, that they reside at 35 Colmar Road, Colwick Gardens, Merchantville, New Jersey, the address used by the Commissioner. Furthermore, when the issue was raised in the Tax Court, upon the motion to dismiss for lack of jurisdiction, the court stated to petitioners that "If you want to show this was not the last known address to the Commissioner that would be something else again." This opportunity was never utilized, for there was no offer of proof. See Gregory v. United States, 1944, 57 F.Supp. 962, 102 Ct.Cl. 642, certiorari denied, 1945, 326 U.S. 747, 66 S.Ct. 26, 90 L.Ed. 447; cf. Rosewood Hotel, Inc. v. Commissioner of Internal Revenue, 1960, 9 Cir., 275 F.2d 786.

The order of the Tax Court will be affirmed.

---

3.                 "Jan. 21, 1959
"This will acknowledge receipt this date of a statutory notice of deficiency issued by the District Director of Internal Revenue, Camden, New Jersey, on November 13, 1958, to Thomas and Delilah Boccuto, 35 Colmar Road, Colwick Gardens, Merchantville, New Jersey, with respect to the taxable years 1953, 1955, 1956, and 1957.

               "/s/ Thomas Boccuto"