PIERRE DU PASQUIER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ESTATE OF MARCELLE DU PASQUIER, DECEASED, JOHN J. SCHLICK, ADMINISTRATOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 4327–62, 4328–62. Filed March 12, 1963.

*John J. Schlick, Esq.*, for the petitioners.
*Arnold E. Kaufman, Esq.*, for the respondent.

OPINION.

TIETJENS, *Judge:* The notices of deficiency in both of the cases before us are dated June 22, 1962. Separate petitions were filed in each of the causes on November 8, 1962.

The notice of deficiency filed with the petition in Docket No. 4327–62 was addressed as follows:

> Mr. Pierre due Pasquier
> c/o Ellsworth C. Alvord
> World Center Building
> Washington 6, D.C.

And the notice of deficiency filed with the petition in Docket No. 4328–62 was addressed as follows:

> Mrs. Marcella due Pasquier
> c/o Ellsworth C. Alvord
> World Center Building
> Washington 6, D.C.

Separate duplicate originals of these notices of deficiency also dated June 22, 1962, were mailed to Pierre and Marcelle, respectively, at 79 Quai d'Orsay, Paris, France.

Pierre and Marcelle, sometime prior to the mailing of the notices of deficiency, had filed a joint power of attorney, dated March 9, 1960, with the Commissioner. The power of attorney stated that their addresses were "33 Quaides Bergnes, Geneva, Switzerland, and [of] 79 Quai d'Orsay, Paris, France"; that they appointed Ellsworth C. Alvord, Lincoln Arnold, and John J. Schlick, World Center Building, Washington, D.C., to be their attorneys and represent them before the Treasury Department in connection with the present tax liabilities; that they gave these attorneys "full power and authority to do all acts

and everything requisite or needful to be done in connection with such matters"; that they "hereby requested that all communications regarding any matter in which the said attorneys are hereby authorized to act be addressed to Ellsworth C. Alvord, World Center Building, Washington 6, District of Columbia".

The Commissioner filed motions on November 23, 1962, to dismiss these cases for lack of jurisdiction because the petitions were not filed with this Court within the time prescribed by law.

Section 6213(a) of the 1954 Code provides that the period allowed for filing is "150 days if the notice is addressed to a person outside the States of the Union and the District of Columbia." The present petitions were filed well within that time. In the case of Pierre there appears to be no dispute but that he resided in France during the period in question. He therefore was "a person outside the States of the Union" and entitled to the 150-day filing period as we have interpreted section 6213(a) in *Estate of William Krueger*, 33 T.C. 667. See also *Mindell* v. *Commissioner*, 200 F. 2d 38 (C.A. 2); *Rebecca S. Hamilton*, 13 T.C. 747.

Marcelle died in Paris, France, on October 21, 1961, about 8 months prior to the mailing of the notice of deficiency. The Commissioner contends that the rule of the *Krueger* case is applicable only to taxpayers who are living at the time of the mailing of the notice, particularly if he previously has not been notified of the existence of an executor or administrator. The administrator for Marcelle's estate was not appointed until November 6, 1962, immediately prior to the filing of the petition. However, section 6212(b) provides:

> (b) ADDRESS FOR NOTICE OF DEFICIENCY.—
>
> (1) INCOME AND GIFT TAXES.—In the absence of notice to the Secretary or his delegate under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A or chapter 12, if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, and this chapter even if such a taxpayer is deceased, * * *

Without a compelling showing to the contrary we cannot believe that Congress intended that a notice of deficiency to a taxpayer living abroad would be entitled to the 150-day period and that the equally valid notice sent to a taxpayer who had been similarly situated but had died would be limited to the 90-day period. The deceased taxpayer is recognized for the purpose of validating the giving of the statutory notice; it is only meet that such a notice should carry with it the extended filing period if the taxpayer would have been entitled to it. The statute, in terms, does not deny it—nor will we.

The Commissioner's motions are hereby denied.