*Decisions will be entered under Rule 50.*

MIANUS REALTY COMPANY, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

McNEIL BROTHERS, INCORPORATED, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 3137–67, 3199–67. Filed June 4, 1968.

---

*Lawrence B. Schwartz*, for the petitioners.
*Andrew S. Coxe*, for the respondent.

OPINION

DRENNEN, *Judge:* These matters were before the Court on respondent's motions to dismiss the petitions for lack of jurisdiction on the grounds that the petitions were not timely filed, i.e., within 90 days after the notices of deficiency were mailed to petitioners. Petitioners objected on the grounds that petitioners had 150 days rather than the usual 90 days within which to file these petitions under section 6213(a), I.R.C. 1954.

The stipulated facts are so found.

Respondent issued the statutory notices of deficiency to each of the petitioners herein and mailed both of them to Box 72, Devon Station, Milford, Conn. 06460, on January 27, 1967. This address was the last-known address of both petitioners insofar as respondent was advised and was also an address at which the corporate petitioners' mail was usually received.

Roderick C. McNeil II was the president and treasurer of each of the petitioner-corporations during the year 1967 and was the only officer authorized to act on behalf of petitioners on tax matters. McNeil left the vicinity of Milford, Conn., sometime prior to January 27, 1967, and was vacationing in Florida on that date preparatory to taking a trip out of the country. McNeil actually left the United States on February 4, 1967, and did not return until April 6, 1967, during which period he was in South America. McNeil did not personally receive the notices of deficiency mailed to petitioners until some time after his return to the United States.

The notices of deficiency were delivered to the post office box to which they were addressed and were picked up there by a son of McNeil who was employed by petitioners at this time. His son was unfamiliar with the purport of the notices and turned them over to the accountant for petitioners. No action with respect to the notices was taken by the accountant or anyone else on behalf of petitioners until the notices were delivered to counsel for petitioners on or about June 15, 1967. Petitions for redetermination were thereupon prepared by counsel for petitioners and both petitions forming the basis for the actions

herein were filed with the Tax Court on June 26, 1967, the 150th day after the mailing of the notices of deficiency to petitioners.[1]

Respondent's motions to dismiss are based on his determination that in order to give the Tax Court jurisdiction the petitions must have been filed within 90 days after the notices of deficiency were mailed to petitioners at their then last-known addresses and, consequently, the petitions were not timely. Petitioners take the position that inasmuch as McNeil was the only officer of petitioners authorized to act with respect to these matters and he was in Florida at the time the notices were mailed and did not receive them prior to leaving the country or until after the 90th day had passed, petitioners had 150 days under section 6213(a) within which to file their petitions and, consequently, the petitions were timely filed and the Court has jurisdiction.

Section 6213(a), I.R.C. 1954, provides in pertinent part as follows:

Within 90 days, or 150 days if the notice is addressed to a person outside the States of the Union and the District of Columbia, after the notice of deficiency authorized in section 6212 is mailed * * *, the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * *

It has been held in numerous cases that a petition must be filed with the Tax Court within the appropriate time mentioned in the statute in order to give the Tax Court jurisdiction over the petition for redetermination. *Healy* v. *Commissioner*, 351 F. 2d 602; *Estate of Frank Everest Moffat*, 46 T.C. 499. The parties are in agreement on all of the facts recited above so the only issue is whether, under those circumstances, the petitioners had 90 days or 150 days within which to file their petitions in the Tax Court.

Initially we must point out that both petitioners are corporations and it is difficult to conceive that a corporation whose home office and last-known address is within the United States could be considered to be outside of the United States at the time the notices of deficiency were mailed. Petitioners claim, however, that because McNeil is the only officer authorized to act in these matters in behalf of the corporations and he was on his way out of the country when the notices of deficiency were mailed and did not receive the notices within the 90-day period, this means that petitioners were out of the country and are entitled to the 150 days provided in the statute. We disagree.

---

[1] The foregoing statement of facts was derived in part from a stipulation of facts filed by the parties and in part from the pleadings and statements made by counsel at the hearing on the motion. We do not believe any of the facts are in dispute but in any event all of the facts necessary for our conclusion are stipulated.

The notice referred to in section 6213(a) is the notice of deficiency provided for in section 6212(a). The latter section provides that if the Secretary or his delegate determines that there is a deficiency in tax he is authorized to send notice of such deficiency to the. *taxpayer*. Petitioner-corporations are the taxpayers involved here and the notices were addressed and mailed to the corporations at their last-known address. McNeil was not the taxpayer in either case; and the fact that he might have been out of the country when the notices were mailed would not help petitioners. The taxpayers were not out of the country when the notices were mailed so they had 90 days within which to file their petitions to give the Court jurisdiction.

Furthermore, the evidence indicates that McNeil was not out of the country when the notices were mailed. He was sojourning in Florida. The fact that he did not receive them before he left the country would not extend the time for filing these petitions to 150 days even if he were considered to be the "person" to whom the notices were addressed. The date upon which it must be determined whether the 90-day or 150-day limitation period applies is the date on which the notice of deficiency is mailed, not some date on which the notice would be received if delivered in the ordinary course of the mail, and not the 90th day on which the petition must be filed under normal circumstances. See *Estate of William Krueger*, 33 T.C. 667; *Mindell* v. *Commissioner*, 200 F. 2d 38. Support for the above conclusion is also found in the cases holding that the period for filing a petition in the Tax Court is computed from the date the notice of deficiency, properly addressed, is mailed, *Boccuto* v. *Commissioner*, 277 F. 2d 549; and in the cases which hold that a notice mailed to the last-known address of the taxpayer is valid even though it is not shown that taxpayer received it. *Pfeffer* v. *Commissioner*, 272 F. 2d 383; *Alma Helfrich*, 25 T.C. 404. Neither of the taxpayers nor McNeil was "outside the States of the Union and the District of Columbia" within the meaning of section 6213(a) so as to make the 150-day filing limitation apply.

There is no evidence that there was any delay in the delivery of the deficiency notices caused by an improper address so as to give petitioners additional time to file their petitions under the rationale of *Dilks* v. *Blair*, 23 F. 2d 831, and *Arlington Corp.* v. *Commissioner*, 183 F.2d 448. The notices of deficiency here were properly addressed; and there is no evidence that there was any delay in the delivery of the notices to that address. What evidence we have on the subject indicates the notices were picked up at the post office box to which they were addressed by someone authorized to receive the corporation's mail.

Petitioners' argument that the statutory language does not limit the 150-day provision to persons *residing* abroad, citing *Mindell* v. *Commissioner, supra,* and *Estate of William Krueger, supra,* is inapposite. And we cannot find that *Pierre du Pasquier,* 39 T.C. 854, supports petitioners' argument that if a petitioner is outside the United States "during the period in question" he is entitled to the 150-day filing period. If this argument is intended to mean that if a taxpayer is out of the United States at any time during the filing period he is entitled to the 150-day filing period, neither the cited case nor any other case we have been able to find supports the argument. If "during the period in question" refers to a period which includes the date the notices were mailed, the facts do not support the argument. McNeil was not the taxpayer and furthermore he was not out of the country on the mailing date; nor were the corporate petitioners.

We conclude that petitioners had 90 days after the date the notices were mailed to file their petitions in the Tax Court. Since the petitions herein were not filed within that time the Tax Court has no jurisdiction to redetermine the deficiencies in these cases. Consequently, respondent's motions to dismiss are granted.

*Appropriate orders will be entered.*