ESTATE OF FRANCIS P. McKAIG, JR., DECEASED, AND NETTIE M. McKAIG, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3729–68. Filed December 3, 1968.

*William A. Brown*, for the petitioners.
*Andrew S. Coxe*, for the respondent.

#### OPINION

DRENNEN, *Judge:* This matter is before the Court on respondent's motion to dismiss the petition filed by Nettie M. McKaig for lack of jurisdiction on the ground that the petition was not filed within 90 days

---

[10] The requirements of sec. 355(b)(2)(B) and (C) would be violated.

after the deficiency notice was allegedly mailed to an old address of petitioner and her deceased husband.

Respondent's motion was calendared for hearing in Washington. Pursuant to Rules 27(a) and 30(b), Tax Court Rules of Practice, petitioner, prior to the hearing, filed "Opposition to Motion to Dismiss and Brief in Support Thereof" stating that personal appearance by petitioner or her counsel was not justified because of distance and "because of the absence of controverted facts."

On February 12, 1968, the district director of internal revenue, Austin, Tex., by certified mail, allegedly mailed statutory notices of deficiency in income tax to the following taxpayers:

| No. of certified article | Name of addressee, street, and post office address | Years involved |
|---|---|---|
| 257713 | Mrs. Nettie M. McKaig, 4654 Cedar St., Bellaire, Tex. 77401 | 1964 1965 1966 |
| 257714 | Mr. Francis P. McKaig, Jr., 4654 Cedar St., Bellaire, Tex. 77401 | 1964 1/1/65 to 5/21/65 |

Francis P. McKaig, Jr., died on May 21, 1965, leaving a will naming his surviving wife, Nettie M. McKaig, his sole beneficiary and appointing her executrix of his will.

The notice of deficiency addressed to Francis P. McKaig, Jr. (certified article 257714), was delivered. On May 8, 1968, Nettie filed a petition for "Francis P. McKaig, Jr., Deceased." The petition was given docket No. 2017–68. By order dated July 30, 1968, the caption was amended to read "Estate of Francis P. McKaig, Jr., Deceased, Nettie M. McKaig, Surviving Wife, Petitioner, v. Commissioner of Internal Revenue, Respondent." [1]

The notice of deficiency addressed to Mrs. Nettie M. McKaig (certified article 257713) was not delivered but was returned to the Internal Revenue Service marked "Unclaimed." The Cedar Street address was crossed out and written above it was "3411 Timmons Lane, No. 207, Houston Texas 77027."

The record does not show who crossed out the Cedar Street address and inserted the Timmons Lane address on the letter addressed to "Mrs. Nettie M. McKaig" (certified article 257713). The record does show, however, that the following information was made known to respondent by the postal authorities:

The Bellaire Post Office Department received the letter and pursuant to a change of address notification, presumably filed by Nettie M. McKaig, the letter was forwarded to the Highland Village Station Post Office which is the post office serving an area of Houston, Texas, within which 3411 Timmons Lane, Number 207 is located. Post Office man number 2705Y of the Highland Village Station attempted to deliver the letter on February 14, 1968 at 3411 Timmons Lane.

---

[1] Later it may become necessary to change the caption in the instant proceeding to read "Nettie M. McKaig, Petitioner v. Commissioner of Internal Revenue, Respondent."

Apparently, Mrs. McKaig was not home and a notice of attempt to deliver a letter sent by certified mail was left at the above address. The letter was then retained by the Highland Village Station for 15 days. Mrs. McKaig did not pick up the letter as instructed in the notification form and it subsequently was returned to the District Director of Internal Revenue, Austin, Texas, as "marked unclaimed."

Upon receipt of the returned "unclaimed" letter the Internal Revenue Service made no further attempt to deliver the letter to petitioner until it received Brown's letter dated June 5, 1968, mentioned below, and then it waited until July 1, 1968, before complying with Brown's request.

On August 1, 1968, a petition was filed for "Estate of Francis P. McKaig, Jr., Deceased, and Nettie M. McKaig" which was given docket No. 3729–68. Nettie M. McKaig signed the petition and verified it under oath saying in part "that she has read the fore-going Petition and is familiar with the statements contained therein, and that the statements contained herein are true." Among other things, the petition in docket No. 3729–68 alleged:

Petitioner, hereby respectfully petitions for a redetermination of the deficiency set forth by the Commissioner of Internal Revenue in his notice of deficiency of July 1, 1968. This suit is a companion suit of the case known as Docket No. 2017–68, * * *.

The permanent residence address of Nettie M. McKaig is 4654 Cedar Street, Bellaire, Texas, 77401. The returns for the period in controversy were filed in the Office of the District Director at Austin, Texas.

II.

A. The Notice of Deficiency on which this Petition is based was mailed on July 1, 1968. This Petition was filed within 90 days thereafter. A copy of the Notice of Deficiency is attached hereto.

B. As shown on the Notice of Deficiency attached hereto, said Notice is dated February 12, 1968, the same date as the Notice of Deficiency involved in the companion case Docket No. 2017–68, and appears to have been addressed to Petitioner at 4654 Cedar Street, Bellaire, Texas, 77401, which is the same address to which the notice in Docket 2017–68 was addressed. Counsel for Respondent in Docket 2017–68 asserts that both the Notice of Deficiency in Docket 2017–68 and the Notice of Deficiency herein were mailed on February 12, 1968 to Petitioner at the same address indicated above, but that the Notice of Deficiency herein, although so addressed and so mailed, was returned to the sender by the Post Office Department, undelivered. Petitioner has no knowledge of such mailing, but would show that the Notice of Deficiency in Docket 2017–68, similarly addressed and simultaneously mailed, was delivered to Petitioner without difficulty and there is no reason why the Notice herein would not have been delivered if it were properly mailed simultaneously and addressed to the same address. Petitioner did not receive and did not have knowledge of the contents of the Notice of Deficiency attached hereto until July 2, 1968 after it had been mailed by Respondent's Attorney to Petitioner's Attorney on July 1, 1968. This Petition is filed promptly upon receipt thereof and at the first opportunity after acquiring knowledge of the Claim asserted by Respondent, and the Counsel for

Respondent has given assurances that all matters requiring adjustment in either case will be considered regardless of the actual circumstances as to the alleged previous mailing of the Notice of Deficiency herein, and that efforts for collection will be withheld pending determination.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

Francis P. McKaig, Jr. was, during his life, engaged in business for himself as an independent boat broker. \* \* \* He always reported his income and paid the tax thereon as an individual proprietorship reporting on the cash basis. His wife, Nettie M. McKaig knew substantially nothing of his business affairs and had absolutely no knowledge of his income tax returns or his tax accounting, and she never filed a joint tax return nor a separate tax return of her own. She had no income of her own nor any income under her management and control. \* \* \*

Over 8 months prior to the mailing on February 12, 1968, of the two statutory notices of deficiency, the district director of internal revenue, Austin, Tex., wrote a letter dated June 6, 1967, to "Mrs. Nettie M. McKaig, 3400 Timmons Lane, Apt. 46, Houston, Texas 77027" the body of which is as follows:

We recently learned that you are the fiduciary in the Estate of Francis P. McKaig, Jr., Deceased.

Although the Federal tax liability of Mr. McKaig has not yet been determined, we feel that we should at this time mention the provisions of law found in Title 31, U.S.C. 191, 192, Revised Statutes 3466 and 3467.

Section 3466 provides that whenever any person indebted to the United States is insolvent, the debts due the United States shall first be satisfied. Section 3467 provides generally that every receiver, administrator, executor, assignee or other person who pays any debt due by an insolvent person or estate for whom he acts before he pays the debts due the United States for such person or estate, shall be personally answerable from his own estate to the extent of such payments for the debts remaining due and unpaid to the United States.

You will be notified of the total tax liability of Mr. McKaig as soon as it has been determined.

On June 5, 1968, William A. Brown, the attorney for petitioner in docket No. 2017–68 wrote a letter to the district director at Austin in re Nettie McKaig, the body of which is as follows:

Would you please send me a copy of the Statutory Notice Statement mailed February 12, 1968 to Nettie McKaig, 4654 Cedar Street, Bellaire, Texas, covering the years 1964, 1965, and 1966. I am advised by Mr. Curphy of your Houston office, that this notice was mailed but returned to your office not claimed.

Also on February 12, 1968 you mailed a Statutory Notice Statement to Mrs. McKaig's deceased husband, Mr. Frances P. McKaig, Jr., 4654 Cedar Street, Bellaire, Texas, covering the year 1964, and from January 1, 1965 to May 21, 1965, the date of his death. This notice was received in due course of mail and is the subject of a petition which I have filed on behalf of Frances P. McKaig, Jr., deceased, in the Tax Court of the United States. Neither Mrs. McKaig nor I had any knowledge of the mailing of a separate Statutory Notice to her, and we cannot understand why it was not delivered to her, but returned to your

office "not claimed", when it was mailed apparently on the same day and to the same address as the claim to her deceased husband which was received.

If for any reason you cannot send a copy of this statement to me, then please send a copy to Mrs. McKaig at the same address.

On or about July 1, 1968, the Internal Revenue Service furnished Brown with a copy of the statutory notice of deficiency which had been mailed to Nettie M. McKaig on February 12, 1968.

If, as respondent contends, 4654 Cedar Street, Bellaire, Tex. 77401, was the "last known address"[2] to the Internal Revenue Service of Nettie M. McKaig, it is well settled that the 90-day period of limitation provided for in section 6213(a), I.R.C. 1954, runs from February 12, 1968, the date the notice of deficiency was allegedly mailed. And it is immaterial that the notice was returned undelivered, for actual receipt of the notice by the taxpayer is not required in order that the statutory filing period commence. *Pfeffer* v. *Commissioner*, 272 F. 2d 383 (C.A. 2, 1959), affirming an order of this Court; *Boccuto* v. *Commissioner*, 277 F. 2d 549, 552 (C.A. 3, 1960), affirming an order of this Court; *United States* v. *Lehigh*, 201 F. Supp. 224, 227 (W.D. Ark. 1961), appeal dismissed per curiam 305 F. 2d 377 (C.A. 8, 1962) ; *Jack D. Houghton*, 48 T.C. 656; *Healy* v. *Commissioner*, 351 F. 2d 602 (C.A. 9, 1965) ; *Mianus Realty Co.*, 50 T.C. 418.

Petitioner does not contend as did the petitioners in *Gennaro A. Carbone*, 8 T.C. 207, and *John W. Heaberlin*, 34 T.C. 58, that the petition should be dismissed because the notice of deficiency was not mailed to the taxpayer's last-known address. If the petition were dismissed for this reason, the Commissioner would have to proceed anew and perhaps be faced with the statute of limitations, whereas if dismissed for the reason contended for by respondent, the Internal Revenue Service could proceed at once with the collection of the tax. Cf. along this line *Boccuto* v. *Commissioner*, *supra*, wherein the court in the course of its opinion said:

Lastly, the petitioners contend that the Commissioner had actual knowledge that they were residing in Florida. Although the argument is not specifically set forth in their brief, we gather that they mean to contend that the notice was *not* sent to their last known address. If that be so there would, of course, be no jurisdiction in the Tax Court and the case would have to be dismissed *due to the failure of the Commissioner to properly notify them of the deficiencies.* [Emphasis supplied.]

---

[2] SEC. 6212. NOTICE OF DEFICIENCY.

(b) ADDRESS FOR NOTICE OF DEFICIENCY.—

(1) INCOME AND GIFT TAXES.—In the absence of notice to the Secretary or his delegate under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A or chapter 12, if mailed to the taxpayer at *his last known address*, shall be sufficient for purposes of subtitle A, chapter 12, and this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence. [Emphasis supplied.]

The court then went on to specifically find that the notice *was* sent to the last-known address and affirmed the order of the Tax Court dismissing the petition for lack of jurisdiction because it was not filed within the 90-day period.

In the instant case petitioner contends that the Tax Court has and should exercise jurisdiction in this case. She contends that the notice of February 12, 1968, was not sent to her "last known address"; that a new 90-day period started to run from July 1, 1968, when the Internal Revenue Service furnished Brown with a copy of the February 12, 1968, letter; and that, therefore, the filing of her petition on August 1, 1968, was well within the new 90-day period and therefore timely, citing *Arlington Corp.* v. *Commissioner*, 183 F. 2d 448 (C.A. 5, 1950), reversing an order of this Court; *Eppler* v. *Commissioner*, 188 F. 2d 95 (C.A. 7, 1951), reversing and remanding an order of this Court; and *Tenzer* v. *Commissioner*, 285 F. 2d 956 (C.A. 9, 1960), reversing an order of this Court.

We think that there is considerable doubt as to whether the Cedar Street address was the "last known address" to the respondent. Petitioner contends that it was the Timmons Lane address notwithstanding her allegation in the petition that "The permanent residence address of Nettie M. McKaig is 4654 Cedar Street, Bellaire, Texas 77401." There is no doubt as to the fact that after the death of her husband petitioner actually resided in an apartment on Timmons Lane. Respondent knew this fact because he addressed a letter to her there on June 6, 1967, more than 8 months before he allegedly mailed the two deficiency notices on February 12, 1968. The record does not show how that fact was made known to the respondent, but it seems that under the circumstances respondent should have been more diligent in ascertaining petitioner's "last known address" before mailing the February 12, 1968, letter.

Even assuming that the Cedar Street address was petitioner's "last known address" to respondent, the Post Office Department changed that address before it was delivered and presumably this caused the delivery failure. The statute says the notice of deficiency must be mailed to the last-known address. We do not think this mailing can be said to have been completed within the meaning of the statute because the Post Office Department diverted it. Petitioner cannot be held responsible for this. When the letter was returned to the respondent marked "unclaimed" with the Cedar Street address crossed out and the Timmons Lane address written on the envelope, the respondent should have known something was wrong and was in the position to do something about it. Petitioner did not know the deficiency notice had been placed in the mail along with the letter to her deceased husband and hence could not have done anything about it.

So it was then up to the respondent to make sure that he had the last-known address. When he did do so on July 1, 1968, it is our opinion that July 1, 1968, should be considered the mailing date, which makes the petition filed within 90 days thereof timely. Under this reasoning neither petitioner nor respondent is precluded from getting into court.

The evidence before us in this case is different from the evidence in *Mianus Realty Co.*, *supra*, wherein we said:

> There is no evidence that there was any delay in the delivery of the deficiency notices caused by an improper address so as to give petitioners additional time to file their petitions under the rationale of *Dilks* v. *Blair*, 23 F. 2d 831, and *Arlington Corp.* v. *Commissioner*, 183 F. 2d 448. * * *

Here the evidence indicates that there was delay in the delivery of the deficiency notice caused by an improper address; in fact, the delay was such that the notice was not delivered to petitioner until after the 90 days subsequent to the date on the notice had passed. In the latter respect it also differs from *Arlington Corp.* v. *Commissioner*, *supra*; *Eppler* v. *Commissioner*, *supra*; and *Tenzer* v. *Commissioner*, *supra*.

This is not a case where taxpayer receives actual notice of a deficiency during the 90-day period and has adequate time remaining within that period for preparing and filing his petition, as in *Dolezilek* v. *Commissioner*, 212 F. 2d 458 (C.A.D.C. 1954),[3] affirming an order of this Court; and *Teel* v. *Commissioner*, 248 F. 2d 749 (C.A. 10, 1957), affirming 27 T.C. 375.

We conclude that the petition filed on August 1, 1968, was timely and that the respondent's motion to dismiss should be and is denied.

*An appropriate order will be entered.*

---

[3] But in its opinion the court said: "We need not say what result would follow if actual notice is never received, or where the time remaining is inadequate. We decide only the present case."

