JON OSTRIKER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ostriker v. Commissioner
Docket No. 8583-74 S.
United States Tax Court
T.C. Memo 1975-108; 1975 Tax Ct. Memo LEXIS 266; 34 T.C.M. (CCH) 522; T.C.M. (RIA) 750108; April 21, 1975, Filed. Jon Ostriker, pro se. Robert E. Marum, for the respondent. DRENNEN
MEMORANDUM FINDING OF FACTS AND OPINION DRENNEN, Judge: Respondent determined a deficiency in petitioner's income tax for the year 1971 in the amount of $402.80. Petitioner mailed a petition to this Court which was received *267 and filed on October 29, 1974. On December 10, 1974, respondent filed a motion to dismiss the case for lack of jurisdiction on the ground that the petition was not timely filed. A hearing on the motion was held in New York City on February 18, 1975, at which both petitioner and counsel for respondent were present and offered evidence. At the conclusion of the hearing the Court took the motion under advisement. The issue is whether this Court has jurisdiction to decide this case. FINDINGS OF FACT Petitioner lived at 66 Cranberry Street, Brooklyn, N.Y., at the time his petition herein was filed and that was his residence throughout the year 1974. Respondent issued a notice of deficiency to petitioner dated May 15, 1974, addressed to petitioner at the above address, determining a deficiency in petitioner's income tax for the year 1971 in the amount of $402.80. Attached to the notice of deficiency was Treasury Dept. Form 2947, Short-Form Statutory Notice Statement, which stated only the amount of the deficiency, $402.80 and gave no reasons therefor and made no mention of interest or penalties. The notice of deficiency was sent to petitioner from the Internal Revenue office in Holtsville, *268 N.Y., by certified mail on May 17, 1974. The envelope containing the notice of deficiency was returned to that office by the Post Office in Brooklyn, N.Y., marked "Unclaimed," on June 5, 1974. By letters addressed to a Charles DeMarco, Chief, Service Audit Division, IRS, Holtsville, N.Y., dated May 8, 1974, and June 15, 1974, petitioner in effect requested the issuance of a notice of deficiency for the year 1971. He had received from the Internal Revenue Service an unsigned document dated April 29, 1974, explaining the mathematics involved in the original audit of his 1971 return. In his letter of May 8, 1974, petitioner stated that he had 90 days from April 29, 1974, to file a petition in the Tax Court. On September 30, 1974, respondent assessed the additional tax due and sent petitioner a notice of additional tax due for the year 1971 in the amount of $402.80, plus interest in the amount of $59.40. Petitioner paid the amount of $402.80 to the Internal Revenue Service on October 25, 1974, which was applied on the deficiency in tax for 1971. In his petition filed October 29, 1974, petitioner alleged that $59.40 was in dispute. The facts alleged in support of his claims were that *269 he had a credit for overpayment of his tax for 1971 in the amount of $633.52, so no interest was due. In the memorandum dated April 29, 1974, received by petitioner from the Internal Revenue Service it was explained that petitioner had shown an overpayment of tax in the amount of $633.52 on his 1971 return but that he had requested that it be applied to his estimated tax for 1972; and that accordingly, it had been applied toward his 1972 and 1973 taxes. At the hearing in this case petitioner acknowledged that he was not contesting any of the adjustments made by respondent to his income for 1971 that resulted in the deficiency of $402.80 and that he was not contesting the underlying deficiency. OPINION This Court does not have jurisdiction to decide this case because the petition was not timely filed; nor in these circumstances is there any issue which it has authority to decide even if it had jurisdiction. The notice of deficiency was mailed to petitioner at his last known and correct address on May 17, 1974. The petition was filed on October 29, 1974, which date is 165 days after the mailing of the notice of deficiency. Section 6213(a), I.R.C. 1954, provides that a taxpayer *270 may file a petition with the Tax Court within 90 days after the notice of deficiency is mailed to him. "The time limitation for filing a petition in the Tax Court is jurisdictional; unless the petition is filed within the 90-day period provided in section 6213(a), the Tax Court has no jurisdiction in the case. Mianus Realty Co.,50 T.C. 418; Raymond S. August,54 T.C. 1535." Frances Lois Stewart,55 T.C. 238, affirmed per curiam (C.A. 9, 1972). The petition in this case was clearly not filed within the time prescribed in section 6213(a), I.R.C. 1954. Petitioner argues that since he did not receive notice of the deficiency until it was assessed on September 30, 1974, he had 90 days thereafter to file a petition, and that in any event when the notice of deficiency was returned "Unclaimed" to the respondent, he had an obligation to see that it was delivered to petitioner, particularly in light of the fact that petitioner had recently requested the issuance of a notice of deficiency. The date of mailing the notice of deficiency starts the 90-day period for filing the petition not the date of assessment of the deficiency. Also the *271 statute requires only that the notice of deficiency be mailed to petitioner at his last known address and imposes no obligation on the respondent to remail the notice to the taxpayer or attempt to find the taxpayer and deliver the notice to him personally when the notice is returned undelivered. Actual receipt of the notice by the taxpayer is not required in order that the statutory filing period commence. Estate of Francis P. McKaig, Jr.,51 T.C. 331, 335, and cases cited therein. Here, the notice was mailed to petitioner's last known address and respondent had no reason to know why it had been returned undelivered, except that it was certified mail "Unclaimed." Moreover, there would be nothing for this Court to decide even if it had jurisdiction to decide this case. Petitioner paid the entire amount of the deficiency determined by respondent before the petition was filed and petitioner has not placed the underlying deficiency in dispute. While the fact that petitioner paid the deficiency after the mailing of the notice of deficiency does not deprive this Court of jurisdiction, sec. 6213(b)(3), I.R.C. 1954, the full amount of the deficiency having been paid and *272 no part of it being in dispute, there is nothing left for this Court to decide. [1]Herman Roberson,41 T.C. 577. The only amount placed in dispute by the petition was interest in the amount of $59.40. This interest was not determined as a part of the deficiency; it is assessed under the law. Sec. 6601, I.R.C. 1954. It is now well established that the Tax Court has no jurisdiction over matters concerning interest alone. Gussie P. Chapman,14 T.C. 943; Commissioner v. Kilpatrick's Estate, 140 F.2d 887 (C.A. 6, 1944).[2]
Petitioner made a belated claim that a penalty was asserted and that the Tax Court has jurisdiction over penalties. The only evidence of any penalty being involved is reflected in respondent's transcript of petitioner's account, *273 which was offered in evidence by respondent. It shows an item of accrued penalty entered on the account as of December 16, 1974, in the amount of $2.01. There is no explanation in the record of what this entry might mean; furthermore, the amount was not placed in issue. An appropriate order will be entered granting respondent's motion to dismiss for lack of jurisdiction.
Footnotes
1. If petitioner has any real dispute with the Internal Revenue Service, he might consider filing a claim for refund and proceeding in the United States District Court if his claim is disallowed. But if he has no more valid dispute than indicated in this record, he would probably be wasting his and the court's time. ↩
2. See Frederick W. Bredahl,T.C. Memo. 1968-223↩.