G. E. ROSENTAL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rosental v. Commissioner
Docket No. 8593-80.
United States Tax Court
T.C. Memo 1981-422; 1981 Tax Ct. Memo LEXIS 325; 42 T.C.M. (CCH) 629; T.C.M. (RIA) 81422; August 11, 1981. George Eric Rosental, pro se. Martin F. Klotz, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction filed August 4, 1980. The ground for the motion as to the year 1975 is that no notice of deficiency for that year was sent to petitioner. With respect to the year 1976, the motion is based on the ground that the petition was not filed within 90 days after the mailing of the notice of deficiency. The facts here are not in dispute. Petitioner is a major in the Marine Corps. Prior to the year 1979 *326 and during the first ten months of that year petitioner was stationed in New Orleans, Louisiana. At the end of October 1979 he was transferred to Camp Pendleton, California. In April 1980 he was deployed for 6 months temporary duty in the western Pacific where he remained until October 1980. On his Federal income tax return for the year 1976 he showed his home address as 4645 Munsee Street, Charlotte, North Carolina, but at the bottom of the return stated: "Please mail refund to Major G. E. Rosental, 4th Maw, 4400 Dauphine Street, New Orleans, LA 70146." When the investigation of his tax return commenced, petitioner was residing at the Dauphine Street address in New Orleans, Louisiana, and in his dealings with the Internal Revenue Service, including the Appeals officer, he requested that this address be used as his address. Sometime around September 13, 1979, when petitioner knew that he probably would be transferred in October to Camp Pendleton, he told the Appeals officer that he expected to be transferred to Camp Pendleton and that if his tax liability for 1976 was not resolved prior to his being transferred from New Orleans to Camp Pendleton the case should be forwarded *327 to an office on the west coast. Petitioner actually was transferred to Camp Pendleton at the end of October 1979. On January 11, 1980, the Appeals officer with whom petitioner had been discussing his tax liability for the year 1976 addressed a letter to petitioner at the Dauphine Street address in which she informed him that the period of limitation for assessment of tax would expire before the Office of the Regional Director of Appeals could complete consideration of his case. With this letter she enclosed a Form 872 "Consent to Extend the Time of Assess Tax" with a request that he sign the consent within two weeks and return it in the envelope which was enclosed with the letter. She gave a telephone at which she could be contacted if he had any questions. This letter was forwarded to petitioner and received by him at Camp Pendleton. On January 22, 1980, the Appeals officer addressed a letter to petitioner at the Dauphine Street address in which she stated that she was willing to recommend a settlement of petitioner's case on the basis of a statement attached to the letter and if he was willing to settle on this basis to "please sign the attached Form 870 and return to me *328 by February 6, 1980." The letter further stated that if she did not receive the signed Form 870 by February 6, 1980, she would presume petitioner wanted to litigate the case and a statutory notice of deficiency based on the deficiency in the examiner's report which had been sent to petitioner would be issued. The letter of January 22, 1980, was forwarded to petitioner at his address at Camp Pendleton. Petitioner on February 16, 1980, signed the Form 872 "Consent to Extend the Time of Assess Tax" for the year 1976 which had been enclosed with the letter of January 11, 1980. Petitioner scratched through the Dauphine Street address in New Orleans, Louisiana, which was typed on the Form 872 when he received it and wrote above the typed address "VMO-2 MCB CAMP PENDLETON CA 92055." Petitioner mailed the Form 872 he had signed to the Appeals officer in New Orleans who had written the letter of January 11, 1980, to him. The first notice of petitioner's address at Camp Pendleton and the first written notice of any change in petitioner's address which was given to the Internal Revenue Service by petitioner was on the Form 872 which he signed on February 16, 1980, and mailed to the Appeals *329 officer. On February 20, 1980, a statutory notice of deficiency with respect to the taxable year 1976 was mailed by certified mail addressed to "Major George E. Rosental, H&HS MARTC, 4400 Dauphine Street NSA, New Orleans, LA 70146." No notice of deficiency with respect to the year 1975 was mailed to petitioner. Petitioner never received the notice of deficiency for the year 1976 mailed to him at the Dauphine Street address. On March 6, 1980, the Appeals officer who had been handling petitioner's case in New Orleans addressed a letter to petitioner at his address in Camp Pendleton given on the consent Form 872 in which she stated that she was returning the Form 872 signed by him which had been received on February 25, 1980. This letter further stated: On February 20, 1980, we issued a statutory notice of deficiency on your 1976 return. This notice will give you ninety days in which to petition the Tax Court of the United States should you decide to litigate your case. This letter was received by petitioner in March 1980. On April 14, 1980, petitioner wrote to the Appeals officer stating that he had departed for a 6-month temporary assignment to the western Pacific and *330 required assistance in petitioning the Tax Court or an extension of time within which to file his petition. He further stated that he anticipated returning to Camp Pendleton in mid-October. This letter was sent certified mail and delivered to the Internal Revenue Service in New Orleans on April 23, 1980. In response to this letter, the Appeals officer wrote to petitioner on April 29, 1980, referring to his letter requesting an extension of time to file a petition with the Tax Court and stating that since the Appeals Office issued the statutory notice of deficiency on the 1976 return on February 20, 1980, the 90-day period for filing a petition would expire on May 20, 1980. She further stated that should petitioner have any questions or problems concerning the filing of his petition he should contact the United States Tax Court in Washington, D.C. since the Appeals Office no longer had jurisdiction of his case. Petitioner received this letter on May 12, 1980. He discussed the matter with legal assistance employees at the Marine Corps base where he was then deployed and they indicated to him that he had longer than May 20, 1980, to file a petition with the Tax Court. On June 2, 1980, the *331 Court received in an envelope postmarked May 27, 1980, a letter dated May 26, 1980, from petitioner which referred to his "1976 and 1975 Income Tax returns, petition regarding appeal." In this letter petitioner stated that he was on temporary duty in the western Pacific. He enclosed the various documents he had received from the Internal Revenue Service and stated that he wanted an extension of time to petition the Court regarding the notice of deficiency for 1976 and also wanted to address the audit of his taxes for 1975. This letter was filed by the Court on June 2, 1980, as a petition. Petitioner stated both in his response to respondent's motion to dismiss and at the trial that he was in the United States on February 20, 1980, and on the Form 872 dated February 16, 1980, he had advised the Appeals Office of the Internal Revenue Service in New Orleans of his current address in the United States. In his testimony he stated that he was not sure he ever gave a mailing address other than the New Orleans address to anyone in the Internal Revenue Service prior to mailing the Form 872 to the Appeals officer on Fabruary 16, 1980. Petitioner in his response to respondent's motion *332 to dismiss stated: It is my understanding that, being stationed overseas, I have longer than the 90 days as stated in the New Orleans Appeals Office letter of 6 March. He further stated that he had not received the notice of deficiency and that in April 1980 he had informed the Appeals Office of his current overseas address. He further stated in his response that he could not respond regarding the "notice of deficiency" for 1975 since he did not have all his papers with him overseas. The record here is clear that petitioner has received no deficiency notice for the year 1975. As best we can ascertain from this record, a portion of a refund otherwise due petitioner was offset against a tax liability of petitioner for 1975 and petitioner was notified of the offset. Whether this action was proper is not before us. Section 6212. [1] authorizes the Commissioner to mail a notice of deficiency to a taxpayer, and section 6213 provides for the filing of a petition with this Court within 90 days or 150 days if the notice is addressed to a person outside the United States. Unless a notice of deficiency as to the tax liability for a year has been mailed to the taxpayer, this Court *333 has no jurisdiction to redetermine the tax liability for that year. Lerer v. Commissioner, 52 T.C. 358 (1969). A notice of deficiency was mailed to petitioner for the year 1976. The question for the year 1976 is whether the notice was mailed to petitioner's last known address and, if so, was a timely petition filed. There is no evidence in this record to support a finding that the New Orleans address to which the deficiency notice was mailed by certified mail on February 20, 1980, was not petitioner's last known address on that date within the meaning of section 6212(b). As was pointed out in Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 376 (1974), notice to an employee of the Commissioner of a change of address must be clear and concise, particularly if the notice is oral. This record shows that no notice of a change in petitioner's address was received by the Commissioner until February 25, 1980. A general oral statement that petitioner might be transferred is not *334 notice of a change of address. When a notice of deficiency has been mailed to a taxpayer at his last known address, a petition is untimely if not filed within 90 days (or, if the taxpayer is out of the country, within 150 days) of the mailing of that notice even though the taxpayer never actually received the notice. Lifter v. Commissioner, 59 T.C. 818, 820-821 (1973). See also Delman v. Commissioner, 384 F.2d 929 (3d Cir. 1967), affg. an Order of this Court. Although petitioner never received the deficiency notice mailed to him on February 20, 1980, he was twice advised in time to have filed a timely petition that a petition to this Court was required to be filed by May 20. The fact that someone in the Marine Corps who furnished legal assistance to Marine Corps personnel advised petitioner to the contrary does not extend the time for filing a petition with this Court. Petitioner apparently was of the opinion that since he left for the western Pacific sometime in April 1980, he had 150 days within which to file his petition. If petitioner had been deployed outside the United States on February 20, 1980, when the notice was mailed to him, he *335 would have had 150 days from February 20, 1980, within which to file his petition. Section 6213(a). However, it is clear that petitioner was in the United States on the date the notice of deficiency was mailed and for five to six weeks thereafter. Therefore, under section 6213 petitioner had 90 days from the date of the miling of the notice of deficiency within which to file a petition with this Court. Mianus Realty Co. v. Commissioner, 50 T.C. 418, 421 (1968). Malekzad v. Commissioner, 76 T.C.     (June 9, 1981). No different rule applies to petitioner because he was in the military service. See Stone v. Commissioner, 73 T.C. 617 (1980). Petitioner argues that we should consider his petition as timely because he received incorrect advice from someone employed by the Marine Corps as to the time within which he should file a petition. However, the jurisdiction of this Court is statutory and cannot be enlarged on the basis of any equitable consideration. Moffat v. Commissioner, 46 T.C. 499, 501 (1966). We therefore conclude that respondent's motion to dismiss this case for lack of jurisdiction as to both the year 1975 *336 and the year 1976 is well taken and should be granted. An appropriate order will be entered. Footnotes
1. Unless otherwise stated, all stated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩