FULTON FISH DISTRIBUTORS INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fulton Fish Distributors, Inc. v. Commissioner
Docket No. 20320-83.
United States Tax Court
T.C. Memo 1985-474; 1985 Tax Ct. Memo LEXIS 155; 50 T.C.M. (CCH) 1024; T.C.M. (RIA) 85474; September 11, 1985. Eugene Cobert, for the petitioner. Barry Guberman, for the respondent. CLAPP
MEMORANDUM OPINION CLAPP, Judge: Respondent determined deficiencies and additions to tax in petitioner's Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b) [1]
1976
$54,024.29
$27,012.15
1979
38,913.44
19,456.72
This case is before the Court on respondent's *156 Motion to Dismiss for Lack of Jurisdiction, on the grounds that the petition herein was not timely filed. The issue is whether the notice of deficiency was sent to petitioner's last known address. This case was submitted under Rule 122, Tax Court Rules of Practice and Procedure. The stipulations of fact and the attached exhibits are incorporated herein by this reference. At all relevant times, including the time of filing its petition, petitioner was located in New York, New York. Petitioner, a New York Corporation, was incorporated on March 22, 1957. Petitioner occupied premises at 8 Fulton Street in New York from the date of its incorporation through early January 1982. In February 1982, petitioner occupied premises at 229 Front Street, New York, New York. Rosario Leanzo was one of three original directors and shareholders of petitioner, and at all times relative hereto, he was the only director, shareholder or officer of petitioner who was actively engaged in the affairs of petitioner. One David Levy was an employee of petitioner and participated in its management and day to day operations, but was neither an officer nor a shareholder. From June 1981 through June 10, 1983, Rosario *157 Leanzo was incarcerated in a Federal Penitentiary for causing petitioner to attempt to evade corporate income tax and for signing a false and fraudulent income tax return on behalf of petitioner. During Leanzo's incarceration, petitioner was managed by Hilda Leanzo, his wife, and Michael Leanzo, a nephew, neither of whom were officers or stockholders of petitioner. R & H Fish, Inc. (R&H) was incorporated in the state of New York on June 17, 1982, and immediately occupied the premises at 229 Front Street, New York, New York. Hilda Leanzo was president, and David Levy continued on as an employee of R&H. During the calendar quarter ending September 30, 1982, petitioner ceased doing business, although it never filed any formal certificate of dissolution with the Secretary of State as provided by New York State business corporation law. On September 10, 1982, R&H filed with the State of New York a certificate of assumed name, indicating that it was to function under the assumed name of Fulton Fish Distributors located at 229 Front Street. On all income tax returns filed for years prior to 1981, petitioner showed its address as 8 Fulton Street. Petitioner showed its address as *158 229 Front Street on its 1981 and 1982 income tax returns and its final Form 941 for the quarter ending September 30, 1982. Petitioner filed its income tax returns and its final Form 941 with the Service Center at Holtsville, New York. Soon after September 1982, respondent examined petitioner's income tax returns for the years in issue. The examination was conducted at the office of the District Director at 120 Church Street, New York, New York. No representative of petitioner appeared at the examination, and the Revenue Agent never received any formal written or oral notification that petitioner's office was located at any other location than 8 Fulton Street, New York, New York 10038. On March 15, 1983, respondent issued a notice of deficiency to petitioner at 8 Fulton Street, New York, New York 10038. Unable to deliver the envelope containing the notice of deficiency at the Fulton Street address, the Postal Service forwarded it to 229 Front Street, where it was received sometime during early April 1983. Rosario Leanzo was given the notice of deficiency after he was released from prison on June 10, 1983. The petition was mailed on July 13, 1983, and filed at the Tax Court *159 on July 14, 1983, 120 & 121 days respectively after the notice of deficiency was mailed. On October 28, 1983, the Service Center at Holtsville billed petitioner at 229 Front Street for assessments for the tax years at issue. Section 6213(a) generally provides that a taxpayer has 90 days after the mailing of a notice of deficiency within which to file a petition with this Court. Timely mailing is timely filing. If the petition is not timely filed, this Court is without jurisdiction to redetermine any deficiencies. In the present case, petitioner mailed its petition 120 days after the mailing of the notice of deficiency. Thus, unless petitioner can show that the notice of deficiency was invalid, we must grant respondent's motion. Petitioner contends that the notice of deficiency is invalid because it was not mailed to petitioner's "last known address." See section 6212(b)(1). Petitioner argues that 229 Front Street was its last known address, because its 1981 and 1982 income tax returns and final Form 941 showed that address. Petitioner also points to the fact that the respondent's Service Center at Holtsville, New York, sent assessment notices for the years at issue to 229 *160 Front Street. Petitioner further argues that respondent did not properly discharge its obligation to exercise reasonable care and diligence in ascertaining and mailing the notice to the correct address. A taxpayer's "last known address" has been defined as the address to which, in light of all of the facts and circumstances, respondent reasonably believes the taxpayer wishes the notice of deficiency to be sent. Keeton v. Commissioner,74 T.C. 377, 382 (1980). In determining whether respondent has mailed a notice to the taxpayer's last known address, the relevant inquiry thus pertains to respondent's knowledge rather than to what may in fact be the taxpayer's most current address. Frieling v. Commissioner,81 T.C. 42, 49 (1983). In Frieling, the Court stated: Absent "clear and concise notification" from the taxpayer directing respondent to use a different address, respondent is entitled to treat the address shown on the return for which the notice of deficiency is being issued as taxpayer's "last known address." However, once respondent becomes aware of a change in address, he must exercise reasonable care and diligence in ascertaining *161 and mailing the notice of deficiency to the correct address. Whether respondent has properly discharged this obligation is a question of fact. [Citations omitted. 81 T.C. at 49.] In the present case, respondent did not receive "clear and concise notification" of a change in address. Merely filing a subsequent return or form with a new address does not, by itself, constitute clear and concise notification. Weinroth v. Commissioner,74 T.C. 430, 436-437 (1980); Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367, 376 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). Further, the fact that the Service Center sent, after the petition was filed, a bill for a tax assessment for the years at issue to a new address does not in and of itself show that respondent acted unreasonably. As noted the relevant inquiry is as to respondent's knowledge at the time of the mailing of the notice of deficiency. [2] Therefore, under the facts as presented herein, respondent was entitled to treat 8 Fulton Street, as the last known address, and, accordingly, the notice of deficiency was valid. *162 Petitioner also argues that since it was a corporation, it could only act through its shareholders, directors and officers.Since Rosario Leanzo was the only shareholder, director and officer involved with the affairs of the corporation, he was the only one who could act for petitioner, and therefore, his address was the last known address for the petitioner. His address in 1982 was a Federal penitentiary, and following petitioner's argument, respondent should have known that address, since respondent was responsible for putting Leanzo there. However, petitioner is a corporation, it has a corporate address, and that is the appropriate address for the notice of deficiency. Mianus Realty Company, Inc. v. Commissioner,50 T.C. 418, 421 (1968). In view of the foregoing, it is unnecessary to comment on respondent's alternative argument that even if the notice of deficiency was not mailed to petitioner's last known address, it was still valid, because it was received by petitioner in a timely manner without prejudice. Frieling v. Commissioner, supra.
Accordingly, respondent's Motion to Dismiss for Lack of Jurisdiction is granted. To reflect the *163 foregoing, An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. Owen v. Commissioner,T.C. Memo. 1979-184; Kuebler v. Commissioner,T.C. Memo. 1979-95↩.