GENNARO A. CARBONE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MAX SANDLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 10993, 11356.    Promulgated January 29, 1947.

*Harvey L. Rabbitt, Esq.*, for the petitioners.
*R. C. Whitley, Esq.*, for the respondent.

**OPINION.**

Tyson, *Judge*: The applicable provisions of the Internal Revenue Code, effective during 1945, are set forth in the margin.[1]  Respondent

---

[1] SEC. 272.  PROCEDURE IN GENERAL.

(a) (1) Petition to Board of Tax Appeals.—If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail.  Within ninety days after such notice is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the ninetieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination

contends that in mailing the registered notice of transferee liability on September 12, 1945, addressed to each petitioner at 332 Franklin Street, Fayetteville, North Carolina, he complied with the statutory requirements, particularly with those in section 311 (e), *supra*, providing that the notice shall be sufficient "if mailed to the person subject to the liability at his last known address." Respondent further contends that such Franklin Street address was the latest mailing address of the petitioners known to respondent on September 12, 1945, for the reasons that such address was the corporation's mailing address at the time of the seizure of its premises; that prior to the seizure respondent's representatives had contacted petitioners at such address and thereafter respondent continued to regard it as the corporation's address; that the corporation's books and records, kept at that address, disclosed petitioners as its stockholders and officers; and that, since petitioners gave no written change of address to the postal authorities, respondent properly determined that the mailing address of the alleged transferor was the last mailing address of its stockholders. In support of his contention respondent cites only *Commissioner* v. *Rosenheim*, 132 Fed. (2d) 677, reversing 45 B. T. A. 1018. In the cited case the registered notice of transferee liability was mailed to Caroline Rosenheim, as transferee of a corporation, at her former New York City address; the notice was not delivered and was returned by the postal authorities to the Commissioner, whose employee thereafter

---

of the deficiency. No assessment of a deficiency in respect of the tax imposed by this chapter and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such ninety-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final. * * *

* * * * * * *

(k) ADDRESS FOR NOTICE OF DEFICIENCY.—In the absence of notice to the Commissioner under section 312 (a) of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by this chapter, if mailed to the taxpayer at his last known address, shall be sufficient for the purposes of this chapter even if such taxpayer is deceased, or is under a legal disability, or in the case of a corporation, has terminated its existence.

SEC. 311. TRANSFERRED ASSETS.

(a) METHOD OF COLLECTION.—The amounts of the following liabilities shall as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this chapter * * *

(1) TRANSFEREES.—The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this chapter.

(2) FIDUCIARIES.—* * *

Any such liability may be either as to the amount of tax shown on the return or as to any deficiency in tax.

* * * * * * *

(e) ADDRESS FOR NOTICE OF LIABILITY.—In the absence of notice to the Commissioner under section 312 (b) of the existence of a fiduciary relationship, notice of liability enforceable under this section in respect of a tax imposed by this chapter, if mailed to the person subject to the liability at his last known address, shall be sufficient for the purposes of this chapter even if such person is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.

manually delivered the original notice to her at her correct New York City address, where she had continuously resided for seven years; and from such notice she filed a petition with the Board of Tax Appeals within 90 days of the mailing of the notice of transferee liability, seeking redetermination of the asserted liability and alleging, *inter alia*, that the Board was without jurisdiction because the notice was not sent by registered mail to her last known address, but was delivered to her by hand. Thereafter and while the petition was pending, the petitioner filed a motion to dismiss the proceeding for lack of jurisdiction on the same ground of lack of jurisdiction as was set out in the petition. The motion to dismiss was granted by the Board. On appeal the circuit court, in reversing the Board, held that:

The sending of the appropriate notice in this case by registered mail and the transferee's petition for a redetermination of the liability within ninety days of the date of the notice supplied the requirements of Section 272 (a) so far as the Board's jurisdiction to hear and determine the matter was concerned. * * *

The Court went further and said that, if any irregularity in service of notice of liability was not waived by the taxpayer's voluntary and timely petition, still there was nothing in the record from which to conclude that the original notice was not sent by registered mail to her last known address.

The above cited case is clearly distinguishable on its facts. Here, no timely petitions have been filed, thereby waiving irregularity in service of notice of liability, as was true in the cited case, and thus the full requirements of the applicable statutes have not been supplied here, as they were in the cited case; and, further, the original notices here were returned to respondent and have never been remailed to petitioners or otherwise delivered to them.

Both the respondent and the petitioners argue that the question of what was the petitioners' "last known address" is one of fact to be determined from the facts and circumstances in the instant proceedings. The notices of transferee liability were admittedly mailed to the petitioners individually, addressed to the company's street address. While each petitioner, prior to August 4, 1945, had received mail at the company's street address, the respondent, through his own action in seizure of those premises and his denial to petitioners of the right of entry for any purpose from August 4 to September 28, 1945, prevented the petitioners from receiving the notices of liability mailed on September 12, 1945. But what is still more important, the respondent, through his agents, had actual notice and made written memoranda, on August 4, 1945, of each petitioner's residence address, and by the same token the respondent also knew, on September 12, 1945, that the 332 Franklin Street address was not the address of either petitioner and, further, that mail so addressed would not be delivered to petitioners. Sandler's address last known to respondent on August 4,

1945, and on September 12, 1945, was 120 Lamon Street, Fayetteville, North Carolina, where he continuously resided during August, September, and October, 1945, and during that time respondent's agents interviewed him at numerous times. Carbone's address last known to respondent on August 4 and on September 12, 1945, was 1213 79th Street, Brooklyn, New York, for, on August 4 Carbone had given the revenue agents his then residence address at 1414 Fort Bragg Road, Fayetteville, but advised them he was going to the Brooklyn address in a few days and during the latter part of August 1945 and on September 12, 1945, and long thereafter Carbone not only resided at that address, but also was contacted at such address by revenue agents. who also seized his New York bank accounts and lock box.

On this record ultimate facts are that the notice of transferee liability dated September 12, 1945, was sent by registered mail to each petitioner at an address other than his "last known address," respectively; that such notice was never received by either petitioner, but was returned by the postal authorities to and retained by respondent, who, on February 18, 1946, mailed copies thereof to petitioners' attorney; and that the petitions herein, filed more than 90 days after September 12, 1945, are based on such copies of the notices of liability. On such facts and on authority of *William M. Greve*, 37 B. T. A. 450 (petition for review dismissed Oct. 20, 1938), we hold that the notice of transferee liability dated September 12, 1945, was not a statutory notice, cf. *Welch* v. *Schweitzer*, 106 Fed. (2d) 885; *William M. Greve*, 42 B. T. A. 142 (petition for review dismissed Nov. 29, 1940, C. C. A., 2d Cir.) ; and we further hold that the unregistered copies of the transferee notices mailed February 18, 1946, to petitioners' attorney were not statutory notices on which proceedings before this Court may be properly based. *William M. Greve*, *supra; Henry Wilson*, 16 B. T. A. 1280; *Oscar Block*, 2 T. C. 761.

We also hold that, by the filing of untimely petitions, the petitioners herein did not waive the irregularity in service, namely, the mailing of the notice of liability to the wrong address. Respondent was put on notice of error in his mailing of the notice of liability to the wrong address when petitioners advised the respondent's agents on August 4, 1945, of petitioners' correct mailing addresses. Respondent was further put on notice of such error when the postal authorities were unable to deliver the notices and returned them to him. He was further put on notice of such error by the allegations of the petitions as to his failure to mail the notice of transferee liability to each respective petitioner's "last known address." All these matters occurred within the statutory period of limitations as provided by sections 275 (a) and 311 (b) and (c), Internal Revenue Code, and respondent "then had ample time to send a proper notice. No change of position can be charged against [the petitioners]. [They have] maintained

at all times that there was no proper notice of [transferee liability]. Nor can it be said that [they] entered a general appearance. [Their] petition[s] stated the facts on which [they] claimed a lack of proper notice and specifically raised the question of jurisdiction." *William M. Greve*, 37 B. T. A. 450, 453.

These proceedings must be dismissed for want of jurisdiction, because the required statutory notice of transferee liability was not sent by registered mail to the petitioners' last known addresses and, accordingly, the respondent's motions to dismiss are denied and the petitioners' motions to dismiss are granted.

Reviewed by the Court.

*An order of dismissal will be entered in each docket number.*