JAMES A. DAVIS, II, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Davis v. Commissioner
Docket Nos. 9030-79, 9031-79.
United States Tax Court
T.C. Memo 1980-176; 1980 Tax Ct. Memo LEXIS 411; 40 T.C.M. (CCH) 373; T.C.M. (RIA) 80176; May 19, 1980, Filed Edward P. Guttenmacher, for the petitioner. David M. Berman, for the respondent. IRWIN
MEMORANDUM OPINION IRWIN, Judge: This matter has *412 been consolidated for purposes of respondent's motion to dismiss for lack of jurisdiction on the grounds that the petitions herein were filed after the 90-day period provided in section 6213. [1]
On March 30, 1978 respondent sent by certified mail statutory notices of deficiency to petitioner, which also determined additions to tax for fraud, for the years 1973 and 1974. Respondent prepared two duplicate original notice of deficiency for both years. One of each of the duplicate notices for 1973 was mailed to the following addresses: Mr. James A. Davis, II, 89 Leucandae Drive, Coral Gables, Florida 33134 and Mrs. Sylvia M. Davis, 89 Leucandae Drive, Coral Gables, Florida 33134, (Formerly husband and wife) Mr. James A. Davis, II, Post Office Box 26, Ashford, North Carolina
and Mrs. Sylvia M. Davis, 2333 Brickell Avenue, Apartment 1514, Miami, Florida 33129, (Formerly husband and wife) One of each of the duplicate notices for 1974 was mailed to the following addresses: Mr. James A. Davis, II, 89 Leucandae Drive, Coral Gables, Florida 33134
*413 Mr. James A. Davis, II, Post Office Box 26, Ashford, North Carolina
Petitioner and his former wife filed a joint return for 1973 and petitioner filed his 1974 return using Unmarried Head of Household status. Both returns listed petitioner's home address as 89 Leucandae Drive, Coral Gables, Florida 33134. [2] The correct spelling of the street in the foregoing address is Leucadendra, not Leucandae, and the correct zip code is 33156 rather than 33134. [3] Petitioner filed no Federal income tax returns for taxable years subsequent to 1973 and 1974. On June 7, 1976 petitioner executed a standard Form 872 extending to June 30, 1978 the period of limitations for assessment of petitioner's 1973 income tax. Petitioner's address on the Form 872 was stated as: 89 Leucandae Drive, Coral Gables, Florida, 33134. The address on the letter-head of the accompanying letter read: 89 Leucadendra Drive, Gables Estates, Coral Gables, Florida. Sometime prior to the mailing of the statutory notices *414 an employee of respondent obtained a copy of a transcript of a bond hearing held May 11, 1976 in the United States District Court for the Southern District of Florida in which petitioner was the defendant. During this hearing petitioner stated his address to be 89 Leucadendra Drive, Coral Gables.Petitioner also represented to the court that he owned considerable property in North Carolina and may be required to travel to North Carolina for business reasons. During the course of the bond hearing the following colloquy occurred: MR. DAVIS: One second, Your Honor, may I ask you one thing?
THE COURT: Surely. MR. DAVIS: Will this limit me from going to North Carolina? The reason-- THE COURT: Yes, it will. Reasonable travel will of course be permitted, but it will have to be upon motion filed with the Court so that we will know the dates that you'll be out of the jurisdiction. MR. DAVIS: Well, the reason I say it is because I am in business there. I have a land development in North Carolina, that's why I just came back. I was involved in business up there. As a matter of fact, we were taking depositions up there last week. THE COURT: Well, do you normally reside there *415 or do you reside here? MR. DAVIS: No, I reside here. But, I'm saying I own a mountain in North Carolina that we have subdivided, that we're just going into our selling season up there in another 30 days and I'm back and forth usually at this time of the year. I might be up there four days and stay here three, or here two and there five. THE COURT: Do you have a permanent address there? MR. DAVIS: Yes, I do. I own a home there. THE COURT: Well, I will require that both addresses be placed on the bond. I will allow you to travel--please state into the record the address, the town and the address where you will be residing in North Carolina. MR. DAVIS: Well, in North Carolina, up there, your Honor, it's a rural address. It's Ashford, A-s-h-f-o-r-d, North Carolina. It's Oconee Falls Resort, O-c-o-n-e-e, which is just about 45 miles east of Asheville, North Carolina. THE COURT: All right. And that is a sufficient mailing address? MR. DAVIS: Yes. Actually, the post office box is P.O. Box 26, Ashford, North Carolina. THE COURT: All right. No post office existed at that time in Ashford, North Carolina. In April of 1977 petitioner moved from Coral Gables *416 to North Carolina. Petitioner's office executed an order to the Coral Gables post office to forward petitioner's mail to North Carolina. On November 1, 1977 respondent's District Director in Jacksonville, Florida, prepared a "30-day letter" consisting of proposed adjustments for petitioner's 1974 income tax. This letter and the enclosed audit report, which was dated May 19, 1976, both bore the address 89 Leucandae Drive, Coral Gables, Florida 33134. Petitioner denies ever having received the letter and audit report.
On March 30, 1978 respondent mailed the afore-mentioned notices of deficiency. The notice for 1973 addressed to 89 Leucandae Drive, Coral Gables, Florida 33134 was returned to respondent marked "Moved, Not Forwardable." The notice for 1974 sent to the Florida address was returned to respondent, marked "Return to Sender, Undeliverable as Addressed, Unable to forward." Neither notice was undelivered because of the erroneous spelling of the street or the erroneous zip code.Both notices were undelivered because the 1-year period within which the post office forwards mail had expired. Both notices addressed to petitioner at Post Office Box 26, Ashford, North Carolina *417 were returned to respondent for the reason that no such post office existed in that state. On April 25, 1978, after respondent received back all of the statutory notices mailed to petitioner, an "Audit Inquiry Request" was made by respondent seeking a better address for petitioner.No other addresses were found for petitioner. [4]
Petitioner never saw the notices of deficiency until April or May of 1979. On June 26, 1979 the petitions herein were mailed and on June 29, 1979 they were filed with this Court. The petitions were mailed more than 1 year after respondent mailed the statutory notices of deficiency. Section 6212(a) authorizes respondent to send a notice of deficiency to the taxpayer when it has been determined that a deficiency exists in the taxpayer's taxes. Section 6212(b)(1) states, with an exception not relevant herein, that the notice of deficiency authorized by section 6212(a) shall be sufficient if mailed to the taxpayer at his last known address. When a notice of deficiency has *418 been mailed addressed to a taxpayer within the United States the taxpayer has 90 days from the date the notice was mailed to file a petition in this Court, section 6213(a). On March 30, 1978 respondent mailed duplicate original notices of deficiency for 1973 and 1974 to petitioner at an address in Florida and an address in North Carolina. The Florida address was obtained from petitioner's 1973 and 1974 Federal income tax returns and was also used on an extension of the statute of limitations for 1974 executed by petitioner in June of 1976. The North Carolina address was obtained from the transcript of a 1976 criminal proceeding in which petitioner was the defendant. In April of 1978 each of the notices of deficiency was returned undelivered to respondent. No other addresses could be discovered by respondent; petitioner filed no tax returns for years subsequent to 1974. On June 26, 1979 the petitions were mailed and on June 29, 1979 they were filed with this Court. Respondent has moved to dismiss the petitions because they were not filed within the 90-day period of section 6213(a). The petitions were filed over 1 year after respondent mailed the notices of deficiency. Petitioner *419 contends, however, that the notices were invalid because they were not mailed to petitioner's last known address. [5]
The last known address of a taxpayer is the last known permanent address or legal residence of the taxpayer, or the last known temporary address of a definite duration or period to which all communications during such period should be sent Gregory v. United States,57 F. Supp. 962, 973 (Ct. Cl. 1944); McCormick v. Commissioner,55 T.C. 138, 141 (1970). It is the address to which, in light of the surrounding facts and circumstances, the respondent reasonably believes the taxpayer wishes the notice to be sent. Delman v. Commissioner,384 F.2d 929 (3rd Cir. 1967); Looper v. Commissioner, 73 T.C.     (January 15, 1980); Lifter v. Commissioner,59 T.C. 818 (1973). *420 The Commissioner cannot be charged with the burden of determining changes of taxpayers' addresses; the burden rests upon each taxpayer to provide the Commissioner with clear and concise notification of his new address; Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367 (1974), affd. 538 F.2d 334 (9th Cir. 1976); McCormick v. Commissioner,supra;Marvin v. Commissioner,40 T.C. 982 (1963). In the absence of clear and concise notification from a taxpayer of an address different from that on the return for the year with respect to which the notice of deficiency pertains the Commissioner is entitled to rely on the address listed on the taxpayer's return for such year. Luhring v. Glotzbach,304 F.2d 556, 558-559 (4th Cir. 1962); Alta Sierra Vista, Inc. v. Commissioner, supra.
Petitioner first contends that respondent should have mailed the notices of deficiency in issue to petitioner at "Oconee Falls Resort, Ashford, North Carolina." In essence petitioner is arguing that respondent obtained actual knowledge of petitioner's new address from the transcript of May 11, 1976. Although *421 the actual knowledge by respondent's agents of a change of address by a taxpayer may suffice to satisfy the taxpayer's burden of notification, Carbone v. Commissioner, 8 T.C. 207 (1947), from the record we cannot say that respondent's agents learned that petitioner's new address was "Oconee Falls Resort, Ashford, North Carolina." Petitioner initially gave that address to the District Court. When asked whether that was a sufficient mailing address, petitioner replied, "Yes. Actually, the post office box is P.O. Box 268 Ashford, North Carolina." Petitioner's response apparently attempted to clarify for the court his correct North Carolina mailing address. Respondent acted reasonably in sending duplicated original notices of deficiency to 89 Leucandae Street, Coral Gables, Florida 33134 (the address on petitioner's 1973 and 1974 returns) and to P.O. Box 26, Ashford, North Carolina (the address obtained from the District Court hearing). Indeed it is readily apparent that through his own investigation, and not petitioner's action, respondent learned of the North Carolina address. The instant case present a situation in which the respondent is confronted with more *422 than one address for the taxpayer, each of which appears suitable for mailing the notice of deficiency. Under these circumstances this Court has held that respondent may select one such address for mailing the notice of deficiency. AltaSierra Vista, Inc. v. Commissioner,supra; Lifter v. Commissioner,supra; Marvin v. Commissioner,supra.Respondent certainly acted reasonably by mailing notices to both of petitioner's addresses known to respondent. Furthermore, after the notices were returned respondent checked for any subsequent returns of petitioner which might reveal a new address and also conducted an audit inquiry request seeking such an address. Respondent did not, contrary to petitioner's assertions, act without due or reasonable diligence. Petitioner also argues that once respondent received the returned notices of deficiency there was some added duty placed on respondent to determine petitioner's address, Estate of McKaigv. Commissioner,51 T.C. 331 (1968); Kennedy v. United States,403 F.Supp. 619 (W.D. Mich. 1975). Petitioner maintains that when the notices *423 were returned respondent was apprised that a question existed as to whether petitioner desired to be reached at those addresses. The fact that the notices were returned by the postal service to respondent hardly qualifies as "clear and concise notification" that petitioner no longer wishes to be contacted at the address on such notices. In Estate of McKaig respondent was put on notice that something was wrong when the notice of deficiency was returned as "Unclaimed" with a different address marked on the envelope by the post office. Kennedy involved an error by the post office in that no attempted delivery was made to the taxpayer. We find those cases inapposite. Petitioner has shown no diversion of the notice (Estate of McKaig) or mistake by the post office (Kennedy). [6]
*424 Nor do we agree with petitioner that respondent's knowledge of petitioner's numerous business activities in North Carolina constituted notification that petitioner no longer resided in Florida. [7]
Respondent mailed the statutory notices to petitioner's last known address, which is all section 6212(b)(1) requires of respondent. A notice of deficiency mailed to the taxpayer's last known address is valid even if the taxpayer never receives the notice, Looper v. Commissioner,supra; Lifter v. Commissioner,supra. The petitions *425 were untimely and accordingly we grant respondent's motion to dismiss for lack of jurisdiction.[8]
An appropriate order will be entered. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. Petitioner's 1974 return abbreviated "Florida" as "Fla." ↩
3. Petitioner's 1973 and 1974 returns were prepared by petitioner's accountants who apparently were responsible for these errors.↩
4. Respondent apparently also checked for subsequent tax returns filed by petitioner which were hoped to disclose a better address. No such returns were filed by petitioner.↩
5. The parties agree that should we find the notices were not mailed to petitioner's last known address then we should dismiss for lack of jurisdiction on the ground that the notices were invalid. Shelton v. Commissioner,63 T.C. 193 (1974); Heaberlin v. Commissioner,34 T.C. 58 (1960); Carbone v. Commissioner,8 T.C. 207↩ (1947).
6. Petitioner's contention that respondent has a duty of locating taxpayer's proper address when the taxpayer is not attempting to avoid or elude a statutory notice of deficiency is without merit. In other words, petitioner asserts that respondent can only rely upon his files for a taxpayer's address when the taxpayer is trying to avoid the notice of deficiency. Petitioner also contends that respondent is charged with a further duty to locate the petitioner's address when the following circumstances exist: (1) The petitioner has previously stated to the Revenue Agent (and the agent's report reflects) that he desires a review of the proposed adjustments; (2) Most of the adjustments are attributable to a limited partnership; (3) The audit report was not mailed to the petitioner for nearly 1 and 1/2 years; (4) Respondent has knowledge of the petitioner's where-abouts; (5) Respondent is maintaining a current file on the petitioner and petitioner's whereabouts were readily available; and (6) Respondent's examination was precipitated by an informer. Apart from (4) and (5), the factors alleged by petitioner have no relevance to the determination of petitioner's last known address. Similarly, petitioner's argument that respondent's activities have denied petitioner due process of law is without merit. See O'Brien v. Commissioner,62 T.C. 543, 547↩ (1974).
7. Petitioner on reply brief maintains that appeal in the instant case would lie to the Fifth Circuit and that our opinion should therefore be controlled by that Court's "all fours" holding in Johnson v. Commissioner,611 F.2d 1015 (5th Cir. 1980), revg. and remanding T.C. Memo. 1977-382. The facts in Johnson↩ differ substantially from the facts in the instant case and that case is simply inapposite. Also we note that petitioner's petition herein alleges his legal residence to be Linville Falls, North Carolina and any appeal by the petitioner would thus lie to the Fourth Circuit, section 7482.
8. Our dismissal of the petition does not deprive petitioner of the right to pay the disputed amounts and file a suit for refund in the Court of Claims or appropriate District Court.↩