156 T.C. No. 1

UNITED STATES TAX COURT

WILEY RAMEY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6986-19L.                    Filed January 14, 2021.

R mailed to P's actual (and last known) address by certified mail, return receipt requested, a notice of intent to levy for the taxable years 2012 to 2016 (the "Notice"). The Notice informed P of his right to seek a hearing under I.R.C. sec. 6330 within 30 days after the date of the Notice.

P had the same address as several businesses. Three days after R mailed the Notice, the United States Postal Service ("USPS") left the Notice at P's address with a person who (for purposes of the opinion, the Court assumes) was neither P's employee nor authorized to receive mail on P's behalf.

The Notice eventually reached P shortly before the 30-day deadline, but P did not submit his request for a hearing under I.R.C. sec. 6330 until after that deadline. Accordingly, the Internal Revenue Service Office of Appeals ("IRS Appeals") treated P's request for a hearing under I.R.C. sec. 6330 as untimely, see I.R.C. sec. 6330(a)(2) and (3), and provided instead an equivalent hearing under

sec. 301.6330-1(i)(1), Proced. & Admin. Regs. After the equivalent hearing, IRS Appeals issued a decision letter sustaining the Notice.

P petitioned the Court seeking review of IRS Appeals' decision. R filed a Motion to Dismiss for Lack of Jurisdiction, which was later supplemented. R contends that, because P's request for a hearing under I.R.C. sec. 6330 was untimely, P forfeited his right to such a hearing and IRS Appeals properly issued no notice of determination concerning R's collection action. R further contends that, absent a notice of determination, the Court has no jurisdiction to hear the case.

P maintains that his request for a hearing under I.R.C. sec. 6330 was timely because R's service of the Notice did not comply with I.R.C. sec. 6330(a)(2) and therefore did not trigger the 30-day period under I.R.C. sec. 6330(a)(2) and (3).

Held: R's mailing of the Notice to P's actual (and last known) address by certified mail, return receipt requested, started the running of the 30-day period under I.R.C. sec. 6330(a)(2) and (3) even though P's address was shared by multiple businesses and the USPS left the Notice at that address with a person who was neither P's employee nor authorized to receive mail on P's behalf.

Held, further, P's request for a hearing under I.R.C. sec. 6330 was untimely under I.R.C. sec. 6330(a)(2) and (3), and IRS Appeals properly issued no notice of determination concerning R's collection action.

Held, further, absent a determination by IRS Appeals, the Court has no jurisdiction under I.R.C. sec. 6330(d)(1) to consider P's petition.

Wiley Ramey, pro se.

Joanne H. Kim, Justine S. Coleman, and Jordan S. Musen, for respondent.

OPINION

TORO, Judge: The Internal Revenue Code (the "Code") authorizes the Internal Revenue Service ("IRS") to levy on (that is, to seize) property or property rights of any person who is liable for any tax and has failed to pay that tax after proper notice and demand. Secs. 6331, 7701(a)(11)(B), (12)(A)(i).[1] Because the power to levy is a strong remedy for collecting unpaid tax, the Code, in section 6330, gives a taxpayer the right to a hearing with the IRS Office of Appeals ("IRS Appeals")[2] and generally bars the IRS from making a levy unless the IRS notifies the taxpayer in writing of the right to a hearing before the levy is made. Sec. 6330(a) and (b). The IRS must provide the required notice "not less

_____

[1]Unless otherwise noted, all section references are to the Internal Revenue Code in effect at all relevant times. We round all monetary amounts to the nearest dollar.

[2]On July 1, 2019, IRS Appeals was renamed as the Internal Revenue Service Independent Office of Appeals. See Taxpayer First Act, Pub. L. No. 116-25, sec. 1001(a), 133 Stat. at 983 (2019). As the events in this case predate that change, we use the name in effect at the times relevant to this case, i.e., the Office of Appeals.

than 30 days before the day of the first levy." Sec. 6330(a)(2). The Code enumerates three acceptable ways of providing the notice. The notice may be "(A) given in person; (B) left at the dwelling or usual place of business of such person; or (C) sent by certified or registered mail, return receipt requested, to such person's last known address." Id. The taxpayer, in turn, must request the hearing "during the 30-day period" set out in the statute. Sec. 6330(a)(2), (3)(B).

In this collection due process ("CDP") case, we are asked to consider what appears to be a question of first impression for our Court: whether a notice of intent to levy that is sent to a taxpayer's actual (and last known) address by United States Postal Service ("USPS") certified mail, return receipt requested, starts the running of the 30-day period for requesting a hearing under section 6330, even though the taxpayer does not personally receive the notice because the taxpayer's address is shared by multiple businesses and the USPS letter carrier leaves the notice at that address with someone who neither works for the taxpayer nor is authorized to receive mail on the taxpayer's behalf.

The Commissioner of Internal Revenue says the answer to this question is "yes." Based on that answer, the Commissioner asserts that

(1)    because petitioner Wiley Ramey, a lawyer, submitted his request for a hearing under section 6330 more than 30 days after the notice of intent to levy was mailed to him, the request was untimely;

(2)    because the request was untimely, IRS Appeals properly denied Mr. Ramey a hearing under section 6330 and properly provided in its place an administrative "equivalent hearing" under section 301.6330-1(i)(1), Proced. & Admin. Regs.;

(3)    given the type of hearing conducted, IRS Appeals properly did not issue a notice of determination under section 6330 and correctly issued a decision letter on the equivalent hearing; and

(4)    in the absence of a notice of determination, and given that IRS Appeals' decision letter is not reviewable by our Court, the Court has no jurisdiction over this case.

The Commissioner has therefore moved to dismiss the case for lack of jurisdiction (the "Motion"). Mr. Ramey objects to the Motion and contests the points made by the Commissioner.

In light of the relevant statutory text, the applicable regulations, and our caselaw, as explained further below, we agree with the Commissioner and will grant his Motion.

Background

The following facts are derived from the pleadings, the parties' motion papers, the declarations and exhibits attached thereto, and an evidentiary hearing held on July 31, 2020. These facts are stated solely for the purpose of ruling on the Motion and not as findings of fact in this case. See Whistleblower 769-16W v. Commissioner, 152 T.C. 172, 173 (2019). Mr. Ramey resided in California when he filed his petition.

A.     Notice of Intent To Levy

According to IRS records, as of July 13, 2018, Mr. Ramey had a balance of $247,033 in unpaid tax, interest, and penalties for the taxable years 2012 to 2016. In an effort to collect this balance, on July 13, 2018, the IRS sent to Mr. Ramey a Notice LT11, Notice of Intent to Levy and Notice of Your Right to a Hearing (the "Notice"), for those years.

The Notice informed Mr. Ramey that the IRS "may seize (levy) your property or your rights to property" and that, if he wished "to appeal this proposed levy action," he must "complete and mail the enclosed Form 12153, Request for a Collection Due Process or Equivalent Hearing, by August 12, 2018." The Notice warned: "If you don't file Form 12153 by August 12, 2018, you will lose the ability to contest Appeals' decision in the U.S. Tax Court."

The Notice was addressed to Mr. Ramey at 9520 Castillo Dr., San Simeon, CA 93452-9727200, and reflected the following USPS article (or tracking) number:  9314 8107 5660 4665 2418 55.  A USPS Form 3877, Firm Mailing Book for Accountable Mail,[3] submitted by the Commissioner shows that the IRS delivered the Notice to the USPS on July 13, 2018.  Item 6812 on that form reflects number 9314 8107 5660 4665 2418 55 (the same number as the Notice) and lists Mr. Ramey's name and the address noted above.  It also shows that the IRS paid for certified mailing and a return receipt.[4]

In addition, a letter from the USPS provides the following information with respect to "proof of delivery of [the] item with the tracking number:  9314 8107 5660 4665 2418 55":[5]

---

[3]Form 3877 is one of several different certificates of mailing provided by the USPS to show the date on which it received an item for mailing.  We have held that "[a] Form 3877 reflecting Postal Service receipt represents direct documentary evidence of the date and the fact of mailing."  Coleman v. Commissioner, 94 T.C. 82, 90 (1990).

[4]The USPS explains its return receipt service as follows:  "Return Receipt provides the sender with proof of delivery (the recipient's signature along with information about the delivery address, if different, and date of and time of delivery)."  Return Receipt--The Basics, USPS.com (Dec. 2, 2020), https://faq.usps.com/s/article/Return-Receipt-The-Basics (last visited Dec. 16, 2020).

[5]The USPS letter is dated April 13, 2020, and was requested by the

(continued...)

| Item Details | |
|---|---|
| Status: | Delivered, Front Desk/Reception/Mail Room |
| Status Date/Time: | July 16, 2018, 12:24 pm |
| Location: | SAN SIMEON, CA 93452 |
| Postal Product: | First-Class Mail™ |
| Extra Services: | Certified Mail™; Return Receipt Electronic |
| Recipient Name: | WILEY RAMEY |
| Shipment Details | |
| Weight: | 1.9 oz |
| Recipient Signature | |
| [This field reflects the signature of a person named "Joel" and an initial that is not clearly legible.  The field also contains the notation "9520 Castillo."] | |

Mr. Ramey does not dispute that his address is 9520 Castillo Drive, San Simeon, California, but maintains that multiple businesses use this address. Moreover, although he admits that the Notice eventually "wound up on * * * [his] desk" before August 12, 2018, he maintains that the person who signed for the Notice is not (and was not) his employee and is not (and was not) authorized to

---

[5](...continued)
Commissioner's counsel to support the Motion.

receive mail on his behalf.[6] For purposes of this Opinion, we accept Mr. Ramey's assertions as true.[7]

B.     Mr. Ramey's Request for a CDP Hearing and IRS Appeals' Response

As contemplated by the Notice, Mr. Ramey submitted to the IRS a completed Form 12153 requesting a CDP hearing under section 6330. The Form 12153 was dated August 16, 2018, bore a postmark of August 20, 2018, and was received by the IRS on August 24, 2018.

Because the Form 12153 was sent more than 30 days after the mailing of the Notice, IRS Appeals treated Mr. Ramey's submission as untimely for purposes of requesting a CDP hearing under section 6330. Therefore, IRS Appeals provided Mr. Ramey with an administrative "equivalent hearing" under section 301.6330-1(i)(1), Proced. & Admin. Regs.

On April 9, 2019, IRS Appeals issued to Mr. Ramey a "Decision Letter on Equivalent Hearing Under Internal Revenue Code Sections 6320 and/or 6330"

---

[6]At the evidentiary hearing, Mr. Ramey testified that he received the Notice "within a week of" (that is, about a week before) August 16, 2018, the date shown on the completed Form 12153 he submitted to the IRS.

[7]In light of our disposition below, we need not make a factual finding on these points. Cf. Zenco Eng'g Corp. v. Commissioner, 75 T.C. 318, 323 (1980) (observing that more than taxpayer's "bald testimony" that he never received a notice of deficiency was required to show mishandling by the USPS), aff'd without published opinion, 673 F.2d 1332 (7th Cir. 1981).

(the "Decision Letter"). The Decision Letter advised Mr. Ramey that the Notice was sustained and stated: "Your request for a CDP Hearing was not timely since it was not received within the 30-day time period as set in the statute."

C. Proceedings in Our Court

Mr. Ramey sought review of the Decision Letter in our Court.[8] The Commissioner answered Mr. Ramey's pleadings by "deny[ing] [that] the Internal Revenue Service issued petitioner a Notice of Determination Concerning Collection Action, or any other Notice that would confer jurisdiction on the Court for the 2012 through 2016 tax years," and stating that he "anticipate[d] filing a Motion to Dismiss for Lack of Jurisdiction."

The Commissioner's Motion followed in due course. The Motion asserts that Mr. Ramey forfeited his right to a hearing under section 6330 because he failed to request that hearing timely. The Motion also notes that, although IRS Appeals provided Mr. Ramey with an administrative equivalent hearing, a decision letter issued pursuant to such a hearing is not subject to judicial review. Finally, the Motion observes that a diligent search of the Commissioner's records has uncovered no notice of determination concerning collection action for

---

[8]Mr. Ramey's pleadings raise questions as to the taxable years for which he intended to seek the Court's review, but, in light of our disposition below, we need not address these questions further.

Mr. Ramey's taxable years 2012 to 2016. In light of the foregoing, the Motion requests that we dismiss the case for lack of jurisdiction.

Mr. Ramey filed an "Opposition to Motion for Lack of Jurisdiction" contending that the Notice was not properly served because he "did not sign for Certified Mail Return Receipt Requested or received [sic] such Notice in a timely manner."

In response to Mr. Ramey's submission and at the Court's request, the Commissioner filed a Supplement to Motion to Dismiss for Lack of Jurisdiction, attaching the USPS letter discussed above as proof of service. The Commissioner later filed a Second Supplement to Motion to Dismiss for Lack of Jurisdiction, attaching Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, for Mr. Ramey's 2012 to 2016 taxable years as further proof of service.

Mr. Ramey filed an "Opposition to Supplement to Motion to Dismiss" (the "Opposition"). The Opposition observes that

> Joel M. [the person whose signature was in the USPS letter] is not an employee of the Petitioner, nor a[n] employee of any business of the Petitioner, nor is Joel M. authorized to sign or receive certified letters from the Respondent or from any other entity. Petitioner is aware that a Joel works for San Simeon Lodge[,] which has an address 9520 Castillo Drive, San Simeon, California. This address is used by multiple businesses but Joel is not a member of any business of which the Petitioner is a party. Therefore, the equivalent of this document is a signature of a random person.

Mr. Ramey also filed separately two declarations, the first from Mr. Ramey and the second from Joel Plascencia, an employee of San Simeon Lodge. The Plascencia declaration states that the signature in the certified letter receipt, dated July 16, 2018, is not Mr. Plascencia's signature.

At the evidentiary hearing, Mr. Ramey provided testimony regarding his business and his eventual receipt of the Notice. Mr. Ramey argued that the Commissioner's service of the Notice was inadequate, and therefore that the Notice was invalid and ineffectual for purposes of this case. By contrast, the Commissioner argued that the requirements of section 6330 were satisfied when he mailed the Notice, regardless of when (or whether) Mr. Ramey received it.

## Discussion

Having set out the factual background relevant to the matter before us, we turn next to the applicable legal framework and the merits of the Motion.

### I. Applicable Framework

Our analysis begins by reviewing the statutory provisions that govern our decision. We then consider the Treasury regulations that implement the statutory provisions. Finally, we turn to the caselaw that applies the statute and regulations.

A.     Statutory Provisions

As we have already discussed, section 6330 gives a taxpayer on whose

property or property rights the IRS intends to levy the right to a hearing by IRS

Appeals, generally before the levy is made.  Sec. 6330(a) and (b).  The statute

requires the IRS to notify the taxpayer of that right.  Id.  Under section 6330(a)(2),

> The [required] notice * * * shall be--
>
> > (A) given in person;
> >
> > (B) left at the dwelling or usual place of business of such
> > person; or
> >
> > (C) sent by certified or registered mail, return receipt
> > requested, to such person's last known address;
>
> not less than 30 days before the day of the first levy with respect to
> the amount of the unpaid tax for the taxable period.

Under section 6330(a)(3)(B), the required notice must describe in simple

and nontechnical terms "the right of the person to request a hearing during the 30-

day period under * * * [section 6330(a)(2)]."  (Emphasis added.)  If the taxpayer

"requests a hearing in writing under subsection 6330(a)(3)(B)," IRS Appeals must

hold that hearing and make a determination under section 6330.  Sec. 6330(b)

and (c).  Within 30 days of IRS Appeals' determination under section 6330, the

taxpayer may "petition the Tax Court for review of such determination (and the Tax Court shall have jurisdiction with respect to such matter)." Sec. 6330(d)(1).

B.    Regulatory Provisions

Treasury regulations provide guidance on the application of section 6330. With respect to notice, the regulations provide that

[t]he IRS may effect delivery of a pre-levy CDP [n]otice (and accompanying materials) in one of three ways:

(A) By delivering the notice personally to the taxpayer.

(B) By leaving the notice at the taxpayer's dwelling or usual place of business.

(C) By mailing the notice to the taxpayer at the taxpayer's last known address by certified or registered mail, return receipt requested.

Sec. 301.6330-1(a)(3), Q&A-A8(i), Proced. & Admin. Regs.  Moreover, the regulations explain that "[n]otification properly sent to the taxpayer's last known address or left at the taxpayer's dwelling or usual place of business is sufficient to start the 30-day period within which the taxpayer may request a CDP hearing. * * * Actual receipt is not a prerequisite to the validity of the CDP Notice." Id. Q&A-A9.

Reiterating the 30-day deadline for requesting a hearing, the regulations provide:  "The taxpayer must request the CDP hearing within the 30-day period

commencing on the day after the date of the CDP Notice." Id. para. (b)(1);

see also id. para. (c)(1) ("When a taxpayer is entitled to a CDP hearing under

section 6330, the CDP hearing must be requested during the 30-day period that

commences the day after the date of the CDP Notice."); id. subpara. (2), Q&A-C3.

(same).

In addition, the regulations explain that

[i]f the taxpayer does not request a CDP hearing in writing within the 30-day period that commences on the day after the date of the CDP Notice, the taxpayer foregoes the right to a CDP hearing under section 6330 with respect to the unpaid tax and tax periods shown on the CDP Notice. * * * If the request for CDP hearing is untimely, * * * the taxpayer will be notified of the untimeliness of the request and offered an equivalent hearing. In such cases, the taxpayer may obtain an equivalent hearing without submitting an additional request. * * *

Id. Q&A-C7.

In conducting an equivalent hearing, IRS Appeals "generally will follow

Appeals procedures for a CDP hearing" with one major distinction: Instead of

issuing a notice of determination, "Appeals will issue a Decision Letter." Id.

para. (i)(1).

An example in the regulations illustrates the application of these provisions.

See id. para. (c)(3), Example (3); see also id. Examples (1) and (2) (providing

background for Example (3)). In the example, the IRS mails a notice of intent to

levy to a taxpayer's last known address on June 24, 1999. The example explains

that the 30-day period for requesting a CDP hearing begins on June 25, 1999, and

ordinarily would expire on July 24, 1999. But, because July 24, 1999, is a

Saturday, the taxpayer has until July 26, 1999, a Monday, to request a CDP

hearing.[9] See sec. 301.6330-1(c)(3), Examples (1), (3), Proced. & Admin. Regs.

The taxpayer in the example "does not receive or read the CDP [n]otice until after

July 26, 1999, and does not request a hearing by July 26, 1999." Id. Example (3).

The example concludes that the taxpayer "is not entitled to a CDP hearing" but

"may request an equivalent hearing as to the levy at a later time." Id.

The regulations also address a taxpayer's right to seek judicial review.

Section 301.6330-1(f)(1), Proced. & Admin. Regs., explains that

> [u]nless the taxpayer provides the IRS a written withdrawal of
> the request that Appeals conduct a CDP hearing, Appeals is
> required to issue a Notice of Determination in all cases where a
> taxpayer has timely requested a CDP hearing. The taxpayer
> may appeal such determinations made by Appeals within the
> 30-day period commencing the day after the date of the Notice
> of Determination to the Tax Court.

---

[9]Under section 7503, when "the last day prescribed under the authority of the internal revenue laws for performing any act falls on Saturday, Sunday, or a legal holiday, the performance of such act will be considered timely if it is performed on the next succeeding day which is not a Saturday, Sunday, or a legal holiday."

Section 301.6330-1(i)(2), Q&A-I6, Proced. & Admin. Regs., further explains that "[s]ection 6330 does not authorize a taxpayer to appeal the decision of Appeals with respect to an equivalent hearing."

C.     Caselaw and Our Jurisdiction in CDP Cases

Like all Federal courts, this Court is a court of limited jurisdiction. Whistleblower 21276-13W v. Commissioner, 155 T.C. ___, ___ (slip op. at 9) (Aug. 26, 2020). We may exercise jurisdiction only to the extent expressly provided by statute. See sec. 7442; Whistleblower 21276-13W v. Commissioner, 155 T.C. at ___ (slip op. at 9). Of course, we always have jurisdiction to determine whether we have jurisdiction. Cooper v. Commissioner, 135 T.C. 70, 73 (2010). As discussed above, section 6330(d)(1) grants us jurisdiction to review a determination made by IRS Appeals under section 6330.

We have consistently held that our jurisdiction under section 6330(d)(1) depends on (1) the issuance of a valid notice of determination and (2) a timely filed petition. Offiler v. Commissioner, 114 T.C. 492, 498 (2000); see also Wilson v. Commissioner, 131 T.C. 47, 50 (2008); Andre v. Commissioner, 127 T.C. 68, 69-70 (2006); Lunsford v. Commissioner, 117 T.C. 159, 161 (2001). When a taxpayer fails to make a timely request for a hearing under section 6330 and IRS Appeals makes no determination pursuant to section 6330, we have no jurisdiction

under section 6330(d) "[b]ecause there [i]s no Appeals determination for this Court to review." Offiler v. Commissioner, 114 T.C. at 498; see also Moorhous v. Commissioner, 116 T.C. 263, 269-270 (2001); Kennedy v. Commissioner, 116 T.C. 255, 261-263 (2001).

A decision letter issued after an equivalent hearing generally is not considered a determination under section 6330 and is therefore insufficient to invoke our jurisdiction. See, e.g., Moorhous v. Commissioner, 116 T.C. at 269-270; Kennedy v. Commissioner, 116 T.C. at 262-263. But we have recognized that a decision letter issued after a timely request for a hearing under section 6330 "is a 'determination' for purposes of section 6330(d)(1)," regardless of the label IRS Appeals places on the document. Craig v. Commissioner, 119 T.C. 252, 259 (2002); see also Andre v. Commissioner, 127 T.C. at 70. Put differently, if, in reviewing a CDP case, we determine that IRS Appeals erred in concluding that a taxpayer's request for a section 6330 hearing was untimely, we have jurisdiction to correct the error and review IRS Appeals' decision as a determination.[10]

---

[10]As the Court said in Craig v. Commissioner, 119 T.C. 252, 258-259 (2002):

Although the Appeals officer concludes an equivalent hearing by issuing a decision letter, as opposed to a notice of determination, the different names which are assigned to these documents are merely a

(continued...)

II.     Application to the Motion

The Commissioner maintains that we have no jurisdiction to consider this case. As discussed above, we are authorized to review a determination by IRS Appeals under section 6330. Sec. 6330(d)(1); see also supra Part I.A. Here, IRS Appeals issued no notice of determination with respect to a hearing under section 6330. Instead, it provided to Mr. Ramey a decision letter on an equivalent hearing.

But the absence of a notice of determination does not end our inquiry, because, as we have discussed, a decision letter may constitute a determination under section 6330 if the taxpayer timely requested a hearing, regardless of the label IRS Appeals used in the document memorializing its conclusions. So, we

_____

[10](...continued)
distinction without a difference when it comes to our jurisdiction over this case, where a [section 6330] [h]earing was timely requested.
* * *

* * * The fact that respondent held with * * * [the taxpayer] a hearing labeled as an equivalent hearing, rather than a hearing labeled as a [section 6330] [h]earing, and that respondent issued to petitioner a document labeled as a decision letter, rather than a document labeled as a notice of determination, does not erase the fact that * * * [the taxpayer] received a "determination" within the meaning of section 6330(d)(1). * * *

must consider whether Mr. Ramey's request for a CDP hearing reflected in the Form 12153 he submitted was timely.

On its face, Mr. Ramey's Form 12153 was untimely. The Notice issued to Mr. Ramey was dated July 13, 2018. Thus, under the statute and the applicable regulations, Mr. Ramey had until August 13, 2018 (not August 12, 2018, as stated in the Notice), to make a timely request for a CDP hearing under section 6330.[11] See sec. 6330(a)(2) and (3); sec. 301.6330-1(b) and (c), Proced. & Admin. Regs. Mr. Ramey's Form 12153 is dated August 16, 2018 (with a postmark of August 20, 2018), and was clearly submitted outside the 30-day period.

Mr. Ramey maintains that we must inquire even further. In his view, the 30-day period under section 6330(b) was not triggered on July 13, 2018, because the IRS failed to provide proper notice of his right to a hearing. According to Mr. Ramey, the notice was deficient because he "did not sign for Certified Mail Return Receipt Requested or received [sic] such Notice in a timely manner," and the person who signed was not "a[n] employee of any business of the Petitioner,

---

[11]Mr. Ramey's 30-day period for requesting a CDP hearing began on July 14, 2018 (the day after the Notice was sent), and ordinarily would have expired on August 12, 2018. But August 12, 2018, was a Sunday, so Mr. Ramey had until Monday, August 13, 2018, to make a timely request for a CDP hearing. See sec. 7503; sec. 301.6330-1(c)(3), Example (1), Proced. & Admin. Regs.

nor * * * authorized to sign or receive certified letters from the Respondent or other entity."

The statutory text refutes Mr. Ramey's argument, and this conclusion is confirmed by the regulations. Section 6330(a)(2) provides three separate ways in which the IRS may provide a taxpayer with notice of its intent to levy and the taxpayer's right to a hearing: (1) the notice may be given in person; (2) it may be left at the taxpayer's dwelling or usual place of business; or (3) it may be "sent by certified or registered mail, return receipt requested," to the taxpayer's last known address. The third method of providing notice focuses on the <u>sending</u> of the notice, not the taxpayer's receipt of it. It describes the type of USPS service the IRS must select--certified or registered mail, return receipt <u>requested</u>. <u>See</u> <u>supra</u> note 4. The primary responsibility of the IRS under this method of service is to place the notice in the hands of the USPS. So long as the IRS properly addresses the notice to the taxpayer's last known address and selects the correct type of service from the USPS--either certified or registered mail, with return receipt requested--the IRS complies with the terms of the statute.[12] And while some

---

[12]Both we and the U.S. Court of Appeals for the Ninth Circuit, to which an appeal in this case would lie unless the parties agree otherwise, <u>see</u> sec. 7482, have reached similar conclusions in analyzing the validity of IRS notices under analogous Code provisions, <u>see, e.g.</u>, <u>Williams v. Commissioner</u>, 935 F.2d 1066,

(continued...)

courts have held that the IRS must do more in certain analogous cases--for example, if the correct address is in doubt or if there are clear indications that the notice was not delivered--none of those circumstances is present here.[13]

---

[12](...continued) 1067-1068 (9th Cir. 1991) (because IRS properly mailed notice of deficiency to taxpayer's last known address, taxpayer's petition was untimely even if she never received the notice), aff'g T.C. Memo. 1989-439; Weber v. Commissioner, 122 T.C. 258, 259-263 (2004) (mailing a notice of determination by certified mail to taxpayer's last known address was sufficient to start 30-day period under section 6330(d), even though USPS returned the notice to IRS marked "unclaimed"); Zenco Eng'g Corp. v. Commissioner, 75 T.C. at 323 (mailing deficiency notice to taxpayer's last known address was sufficient to start 90-day period under section 6213(a) when USPS returned the notice marked "refused" and no evidence indicated that USPS mishandled the notice); see also Mannella v. Commissioner, 132 T.C. 196 (2009) (citing regulations under section 6330 to conclude that mailing notice of intent to levy was sufficient to start two-year period for claiming innocent spouse relief under section 6015(b) and (c) and that actual receipt was not required), rev'd on other grounds, 631 F.3d 115 (3d Cir. 2011). See generally Brown v. Lethert, 360 F.2d 560, 561-562 (8th Cir. 1966) (collecting authorities).

[13]See, e.g., McPartlin v. Commissioner, 653 F.2d 1185, 1189-1190 (7th Cir. 1981) (mailing a notice of deficiency by certified mail provided insufficient notice when, among other things, IRS could not produce a return receipt and was aware of taxpayers' new address); Johnson v. Commissioner, 611 F.2d 1015, 1017-1021 (5th Cir. 1980) (notice insufficient when USPS informed IRS that the notice of deficiency had not been delivered to taxpayers' residence, and IRS failed to mail the notice to taxpayers' representatives because of a misplaced power of attorney), rev'g T.C Memo. 1977-382; Estate of McKaig v. Commissioner, 51 T.C. 331, 336-337 (1968) (notice insufficient when USPS informed IRS that the notice of deficiency had not been delivered and taxpayer's last known address was in question); Carbone v. Commissioner, 8 T.C. 207, 211-213 (1947) (notice insufficient when IRS mailed notices of transferee liability to a building that it had

(continued...)

Indeed, none of the facts in this case raises any question that the IRS should have used a different mailing address, or that the USPS failed to deliver the Notice as contemplated by the statute. The USPS delivered the Notice to 9520 Castillo Drive, San Simeon, California--the address that Mr. Ramey had provided to the IRS and that he admits is his proper address. Mr. Ramey's chief complaint appears to be that multiple businesses use that address, so mail might be accepted by the wrong person. But, even if that is so, Mr. Ramey does not explain how the IRS could have taken this fact into account. Mr. Ramey is free to organize his business affairs as he sees appropriate, including by choosing to share a business address with other businesses. But, having made that choice, and having provided to the IRS an address shared by multiple businesses, he cannot properly complain when the IRS uses that very address to reach him. In short, the IRS correctly followed one of the methods of service provided by the statute, thereby starting the 30-day period for seeking a hearing under section 6330(a)(3)(B). The fact that Mr. Ramey's address was used by multiple businesses and that (as we assume for purposes of this Opinion) the USPS left the notice with a person at that address

_____

[13](...continued)
seized and padlocked, was aware of the taxpayers' new addresses, and was notified by USPS that delivery had failed).

who neither worked for Mr. Ramey nor was authorized to receive mail on his behalf does not change this conclusion.

The regulations confirm this result. As noted above, the regulations explain that "[n]otification properly sent to the taxpayer's last known address * * * is sufficient to start the 30-day period within which the taxpayer may request a CDP hearing. * * * Actual receipt is not a prerequisite to the validity of the CDP [n]otice." Sec. 301.6330-1(a)(3), Q&A-A9, Proced. & Admin. Regs. Section 301.6330-1(c)(3) Example (3), Proced. & Admin. Regs., sets forth facts similar to those in Mr. Ramey's situation. There, the taxpayer "does not receive or read the CDP [n]otice until after" the 30-day period for seeking a hearing under section 6330 has passed. Nevertheless, the example concludes that the taxpayer "is not entitled to a CDP hearing" but "may request an equivalent hearing as to the levy at a later time." Id.

To sum up, mailing the Notice started the 30-day period for seeking a CDP hearing under section 6330. Since Mr. Ramey's Form 12153 was not sent until after the 30-day period had run, his request for a hearing under section 6330 was untimely, and IRS Appeals properly made no determination under section 6330. Because IRS Appeals made no determination under section 6330, we have no

jurisdiction over the case.[14] Accordingly, we must grant the Commissioner's Motion, as supplemented.

Our holding does not leave Mr. Ramey without an opportunity to obtain judicial review of his underlying tax obligations. Mr. Ramey is free to pay the amounts at issue, request a refund, and dispute any denial of that request in the appropriate Federal District Court or the Court of Federal Claims. See Cohen v. United States, 297 F.2d 760, 772 (9th Cir. 1962) (noting that taxpayer's failure to file petition within 90 days of deficiency notice's mailing did not foreclose a potential refund suit); Budlong v. Commissioner, 58 T.C. 850, 854 n.2 (1972) (same). And of course, if his financial circumstances have changed, Mr. Ramey may continue to negotiate with the Commissioner's collection officers concerning his liabilities for the taxable years 2012 to 2016.[15]

---

[14]In light of our conclusion, we need not address here the import of Adolphson v. Commissioner, 842 F.3d 478, 486 (7th Cir. 2016).

[15]See Perrin v. Commissioner, T.C. Memo. 2012-22, slip op. at 8 ("As * * * [the Commissioner's] counsel indicated at trial, * * * [the taxpayer] may continue to negotiate with IRS collection officers concerning his tax liabilities."); see also Davison v. Commissioner, T.C. Memo. 2019-26, at *19 n.14 (same), aff'd, 805 F. App'x 259 (5th Cir. 2020).

To reflect the foregoing,

An appropriate order and order of dismissal for lack of jurisdiction will be entered.